S. E. DARLING, JR. *v.* BURLINGTON DRUG COMPANY.

February Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 11, 1928.

156

*Sumner E. Darling, Jr., pro se,* for the plaintiff.

*Charles F. Black* for the defendant.

SLACK, J. The action is contract in the nature of assumpsit for money had and received. Trial was by court resulting in a judgment for plaintiff for $136.52 as of September 27, 1927. He claims that he should have had judgment for $357.60, and comes here on exceptions to the exclusion of evidence offered by him, to the findings, to the court's failure to find as requested, and to the judgment.

The findings here material are these: On May 7, 1925, one Paquette, a then resident of Hardwick, gave defendant a promissory note for $1,000 and a chattel mortgage conditioned

as follows: "Upon condition that I pay or cause to be paid one certain.promissory note dated at Hardwick, Vermont, May 7, 1925, in the sum of $1,000 payable to the order of the Burlington Drug Company or order on demand, which said note is signed by the said R. B. Paquette according to its tenor * * * * * and shall pay or cause to be paid any and all other notes, demands, and obligations, now due or which hereafter become due such Burlington Drug Company from me," etc. On July 30, 1925, Paquette gave plaintiff a promissory note for $312.16 and a like mortgage covering the same property conditioned as follows: "Upon condition that I pay or cause to be paid one certain promissory note of $312.16 payable to the order of S. E. Darling, Jr., signed by me and shall pay any and all other notes that I may give to said S. E. Darling, Jr., in the future according to the terms thereof." Appended to each mortgage was an affidavit in the exact language of the form to be found in G. L. 2788. We assume that both mortgages were duly recorded, since no claim was made to the contrary.

Paquette deceased January 21, 1926. On April 28, following, defendant foreclosed its mortgage and sold, or caused to be sold, all property covered thereby, for which it received, net, $1,412.29. The officer who foreclosed the mortgage turned this full amount over to defendant instead of applying it as the statue directs. G. L. 2805, as amended by Act No. 81, Laws of 1919, § 3. In these circumstances such part of said sum as was not required to satisfy defendant's claim it held as *quasi* trustee for the party lawfully entitled thereto.

Defendants claims that at the time it foreclosed its mortgage there was due it on its note and book account more than was received from the sale of the property; but it appeared that previous to such foreclosure it had agreed with the administrator of Paquette's estate to accept $1,075 in full satisfaction of its mortgage. Defendant deducted that amount from what it received and paid the balance of $337.29 to the administrator.

Evidently each party claimed below, as is claimed here, that the others' mortgage was invalid as to any indebtedness or liability arising subsequent to the execution of the same, because, the affidavit appended thereto did not conform to the purpose of the mortgage, and did not verify the truth, justice, and validity of such future indebtedness or liability. The court took that view of the matter, and limited defendant's right to satisfaction

under its mortgage to the amount due on the $1,000 note at the time of foreclosure ($1,058.50), which action was not excepted to; and, subject to plaintiff's exception, excluded certain notes given to him by Paquette subsequent to the date of plaintiff's mortgage, and limited his recovery to the amount due on the note given at the time his mortgage was executed.

Whether defendant's mortgage was invalid in part or *in toto* is wholly immaterial so far as the result in this case is concerned because the findings, unexcepted to, limit its recovery thereunder to $1,058.50, which left in its hands a sufficient sum to satisfy so much of plaintiff's claim as he is entitled to recover. The latter circumstance also makes it unnecessary to consider the question, much debated, of whether certain payments made by Paquette to defendant subsequent to the giving of the latter's mortgage should have been applied on the $1,000 note. In other words, since the findings, unexcepted to, showed a balance in defendants' hands, to which it was not entitled, sufficient to satisfy plaintiff's claim it is needless to inquire whether its mortgage was valid or invalid, or whether it properly accounted for payments made to it by Paquette.

■ This brings us to the only important question in the case, namely, the validity of plaintiff's mortgage as against defendant. That such instrument constituted a valid common law mortgage, good as against Paquette, his executor and administrator, not only for indebtedness existing at the time of its execution, but for future indebtedness and liability covered by the condition thereof, cannot be doubted. *Gilbert* v. *Vail,* 60 Vt. 261, 14 Atl. 542; *Rice's Assignees* v. *Hulett,* 63 Vt. 351, 22 Atl. 75; *Mower, Trustee* v. *McCarthy et al.,* 79 Vt. 142, 64 Atl. 578, 7 L. R. A. (N. S.) 418, 118 A. S. R. 942; *Bean* v. *Parker,* 89 Vt. 532, 96 Atl. 17; Jones on Chattel Mortgages (5th ed.) par. 2. This being so, it logically follows that it was valid as against defendant as to the balance that remained in its hands after deducting the $1,058.50 to which the court found it entitled under its mortgage, since as to such balance its rights were no different than those of Paquette or his administrator. As already observed, it held such balance in a *quasi* trust capacity for the party to whom it lawfully belonged.

As already seen the court limited plaintiff's rights under his mortgage to the amount due on the note given at the time the mortgage was executed, and excluded certain notes subse-

quently given him by Paquette which it was claimed were covered by his mortgage. In the circumstances, this was error. For the reasons stated defendant was liable not only for the amount due on the former note, but also for the amount due on the latter notes.

By the terms of plaintiff's note given at the time his mortgage was executed Paquette agreed to pay an attorney's fee of 10% "for collecting," etc. Plaintiff claims that he was entitled to such fee on the amount due on that note at the time this suit was commenced, and to the court's refusal to allow the same he excepted. Respecting this claim it is enough to say that all that the record discloses concerning it is the provision in the note, the ruling of the court, and the exception, which clearly is insufficient to warrant a reversal. To justify a recovery under such a provision, assuming that recovery may be had, something more must be shown than the mere agreement which, in effect, is all that appears in the instant case.

Since neither the validity of, nor the amount due on, plaintiff's notes which were excluded has been determined, the cause will be remanded solely for the purpose of having that done, with directions that judgment be entered for plaintiff for the amount found to be due on such notes plus the amount on the former judgment.

*Reversed and remanded.*