### The Morris Plan Company of Rhode Island vs. Charles F. Whitman et als.

MAY 28, 1930.

Present: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

Murdock, J. This is an action in assumpsit on a promissory note made by the defendants, jointly and severally, in favor of the plaintiff. Attached to the writ is an affidavit that the action is brought to recover a debt or liquidated demand and that, in the opinion of the affiant, there is no defense to the action. Filed with the declaration is a motion for "summary" judgment for the amount

claimed. Public Laws 1929, Chapter 1343. At the hearing on this motion before the Superior Court, the defendants failed to show to the satisfaction of the court that there was a substantial question of fact in dispute and judgment was entered for the plaintiff for the full amount claimed.

The defendants were not represented by the same counsel and exception to the action of the trial justice was taken by counsel whose clients have not prosecuted a bill of exceptions. For this reason the plaintiff contends that the case is not properly before us. Inasmuch as the Superior Court allowed the bill of exceptions, which included the defendants who are now prosecuting the same, it will be assumed that the exception was taken in behalf of all of the defendants.

The exception before us is based on the following propositions: That the provision of the note for the payment of counsel fees is invalid; that a part of the plaintiff's claim was for nonliquidated debt or demand and that the trial justice erred in entering judgment instead of a decision for the plaintiff.

The note which is the basis of the suit contains the following provision: "and each of us further severally agrees, if this obligation shall not be paid when due and shall be placed by the Company in the hands of an attorney for collection through legal proceedings or otherwise, to pay to the Company a reasonable attorney's fee, at the rate recommended by the Commercial Law League of America." There is some conflict among the authorities as to the validity of a provision in an obligation for the payment of attorney's fees in case of default. The authorities which sustain the validity of such agreements are the more numerous. See note to *Raleigh County Bank* v. *Poteet*, 54 L. R. A. (N. S.) 928. The contrary view rests on the ground that such agreements may be used as a cover to usury and that they are in the nature of penalties and as such ought not to be enforced. By restricting the allowance to a reasonable fee, which the court has the power to do, the danger of illegal

exactions may be obviated. *Henke* v. *Gunzanhauser*, 195 Ill. 130.

We are of the opinion that both reason and the weight of authority favor the validity of the agreement in the instant case. It is not contended that the amount allowed for counsel fees is unreasonable and we find nothing in the nature of a penalty in the agreement to pay the same. It calls only for the payment of a reasonable fee, determined by the rate commonly employed as the measure of fees in similar cases throughout the country.

The purpose of the agreement is to secure to the plaintiff the principal amount loaned without deductions for expenses arising from the failure of the defendants to perform their contract. Restricted to this purpose the agreement is in conflict neither with legal nor equitable principles. *Tholen* v. *Duffy*, 7 Kan. 405. Moreover, it has implied legislative sanction in the Negotiable Instrument Law where the inclusion in a promissory note of an agreement to pay attorney's fees is declared not to affect the negotiability of the note. General Laws 1923, Chap. 227, Sec. 8.

The judgment entered was for $1,088.50, of which $960 is the balance due on the note and $128.50 for attorney's fee. As the agreement to pay the attorney's fee provided the method by which the amount of said fee was to be determined, it was a mere matter of computation to arrive at the exact amount and accordingly the plaintiff's total claim was for a debt or "liquidated demand in money" within the meaning of the statute. *Imbriglio* v. *Gazzero*, 43 R. I. 83.

It was not error for the trial justice to enter judgment instead of a decision for the plaintiff as no valid defense to the action was offered. The defendants' exception is overruled.

The defendants claimed a jury trial within the time limited by the statute, that is, before the assignment day of the case. This was a proper precautionary measure on their part as under the provisions of Public Laws 1929, Chapter

1327, claims for a trial by a jury must be made before the regular assignment day, even though the case may not then be in order for trial. *Mandeville, Brooks & Chaffee* v. *Fritz,* 50 R. I. 513. But as the defendants' claim for jury trial would be effective only in case their exception was sustained the case is remitted to the Superior Court for execution on the judgment as entered.

*Raymond & Semple, Harold R. Semple,* for plaintiff.
*Charles H. Page,* for defendant.