PEOPLE'S TRUST COMPANY OF ST. ALBANS *v.* JAMES G. FINN ET AL.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

434

*Wm. R. McFeeters* and *P. C. Warner* for the plaintiff.

*A. Pearley Feen* for the defendant.

SLACK, J. The plaintiff caused to be attached, and later sold on execution, certain personal property of defendant Dollard Rainville, on which there were two outstanding mortgages. The first of these was given by Rainville and defendant, Irene Rainville, to the defendant, Silver Plan, Inc., May 25, 1931, and was duly recorded in the proper town clerk's office; the other was given by Rainville to defendant, McCuin, January 27, 1932. The Silver Plan mortgage was conditioned for the payment of a promissory note for $1,500, without interest, payable on or before twelve months from date at the rate of $125 each and every month beginning June 25, 1931, and contained the further condition that "Upon failure to pay any payment when due and payable, the entire amount of the mortgage becames immediately due and payable and such further sums according to the terms thereof as said Silver Plan, Inc., may advance to said mortgagors whether specified in account, note or otherwise and also all sums are hereafter due as principal or surety from said mortgagors to the said Silver Plan, Inc., however specified." The affidavit appended to this mortgage was in the form prescribed by P. L. 2661. The attachment was made July 21, 1932, and the property was sold July 24, 1933.

The officer who took the property in execution demanded of each mortgagee a statement in compliance with P. L. 1858. One was furnished by the Silver Plan, Inc., June 23, 1933, duly signed and sworn to, which reads as follows: "We, the undersigned, do hereby certify that the outstanding balance due us on chattel mortgage executed by Dollard Rainville * * * is ($740.00) seven hundred and forty dollars." McCuin likewise

furnished a statement showing the amount due him. The property was sold to the plaintiff, at the execution sale, subject to these two mortgages. The plaintiff subsequently paid the McCuin debt and took an assignment of his mortgage. Claiming that it was thereby subrogated to McCuin's rights under his mortgage plaintiff brought this suit on July 31, 1933, to enjoin the Silver Plan, Inc., hereafter called the defendant, from enforcing its mortgage on the ground that because of the insufficiency of the affidavit appended thereto it was invalid as against the McCuin mortgage. After hearing on the merits, the lower court dismissed the bill, holding as matter of law that plaintiff was estopped from denying the validity of defendant's mortgage; and we affirmed the decree. See 106 Vt. 345, 175 Atl. 4. In this Court, plaintiff urged its rights as an attaching creditor and a purchaser at the execution sale, but this question not having been raised below we held that it was not for consideration.

After remand, plaintiff filed an amended bill wherein it seeks to avoid defendant's mortgage as an attaching creditor and as a purchaser, at the execution sale. This bill, like the original, alleges the facts above detailed to and including the payment by plaintiff of the McCuin debt. It then alleges, in substance, that the officer ''upon receipt'' of defendant's statement regarding Rainville's indebtedness to it showed it to plaintiff; that this was the only knowledge plaintiff ''then'' had and it ''then and there'' relied thereon; that such statement was false and misleading, but that plaintiff was forced to rely upon it as the books, records, etc., from which its falsity could be determined were under the sole control of defendant; that it relied on such statement and was thereby led to believe that the amount mentioned therein was a balance due on the $1,500 note described in defendant's mortgage and caused the property to be sold and bought it, subject to such mortgage, when in fact said note had been fully paid as defendant well knew, and the $740 was the balance due on subsequent loans made by defendant to Rainville which by reason of the affidavit appended to defendant's mortgage was not secured thereby as against plaintiff's attachment; that, unless the relief prayed for is granted, defendant will benefit by its said concealment and plaintiff will be deprived of the right to satisfy its judgment against Rainville to that extent. It further alleges plaintiff's willingness to credit the $740, less certain costs, etc., on its judgment against Rainville.

The prayer is (a) that the priority of its attachment lien be established as against defendant's mortgage; (b) that the court direct the application of such credit on its judgment against Rainville as seems just; (c) that the amount due under the defendant's mortgage be determined; (d) that the defendants be enjoined from proceeding against the property in question until final determination of this suit; and (e) for general relief.

To the amended bill defendant demurred assigning as a special ground therefor that plaintiff, having purchased the property at the execution sale subject to defendant's mortgage, was estopped from denying its validity. The demurrer was sustained and the bill dismissed, subject to plaintiff's exception and appeal.

The sole question for review is: Does the amended bill entitle plaintiff to the relief sought?

When the case was here before it was held to come within the general rule that one who purchases property at an execution sale, subject to a purported lien, is estopped to question the validity or priority of such lien. As was then said, such estoppel arises from the inequity of permitting one to treat the apparent lien as valid and thereby acquire the property at a price reduced by the amount thereof, only to assail it later and hold the property exempt therefrom. Whether the conduct of a lienholder might in some instances call for a departure from this rule we need not, and do not, decide. We are only concerned with what the plaintiff says in its bill about the conduct of this lienholder, and its alleged resultant effect.

The amended bill contains no positive allegation of fraud. It is alleged that the officer *upon receipt* of the statement from defendant, which it should be borne in mind was more than a month before the sale, showed it to plaintiff, and that this was the only knowledge plaintiff *then* had, and that it *then and there* relied thereon, but regarding its subsequent knowledge, prior to the sale, the bill is silent. It is alleged that the statement was false and misleading. It cannot be seriously claimed that it was false when the bill admits that Rainville owed defendant the amount therein stated, which as between the parties was covered by the latter's mortgage. *Darling* v. *Burlington Drug Co.*, 101 Vt. 155, 142 Atl. 75; *Gilfillan's Admr.* v. *Bixby*, 100 Vt. 468, 139 Atl. 250; *Bean* v. *Parker*, 89 Vt. 532, 96 Atl. 17, and it is not alleged that it was intended to mislead the plaintiff, or that it was made for other than an honest pur-

pose, and since fraud will not be presumed, it is entitled to this construction. The allegation that plaintiff was forced to rely upon such statement because the books, records, etc., from which its falsity could be determined were under the sole control of defendant is but a mere conclusion of plaintiff and is refuted by other allegations, and lack of allegations, in the bill. Defendant's mortgage, as appears from the bill, showed all the defects now claimed, and showed, too, that if the terms thereof had been complied with, the $1,500 note described therein had been fully paid, so that whatever was due under it was covered by the accrual clause only, and was therefore open to the objection plaintiff now makes. This had been on record for nearly, or quite, two years. The plaintiff had actual knowledge of it when it saw the statement defendant furnished the officer, if not before. Yet, so far as appears from the bill, it made no attempt to acquaint itself with its provisions, to get other or further facts from defendant regarding its claim, or to get such information as Rainville had concerning it. The bill alleges, in effect, that plaintiff caused the property to be sold, and bought it, subject to defendant's mortgage, relying upon said statement, and was thereby led to believe that the amount therein stated was the balance due on the $1,500 note described in defendant's mortgage. Be that as it may, since it chose, in the circumstances, to treat such statement as true, and *did* cause said property to be sold, and bought it, subject to defendant's mortgage, it is now estopped to challenge the validity thereof. Nor does the willingness of plaintiff to credit the amount on Rainville's indebtedness to it better its position. This would result in its enrichment by the avoidance of a lien which it treated as valid, when it bought the property.

The facts shown by the amended bill do not justify making the case an exception to the general rule.

*Decree affirmed, injunction dissolved, and cause remanded.*