255 A.2d 162.

COTTRELL EMPLOYEES CREDIT UNION *vs.*
WALLACE J. PAVELSKI.

JULY 11, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

30

Paolino, J. This civil action was brought in the superior court to recover a balance allegedly due on a promissory note made by the defendant in which the plaintiff was named as the payee. The plaintiff's motion for a summary judgment was granted, and judgment entered for $1,057.02 and costs. This sum consists of the balance of $806.09 due on the principal of the note plus an attorney's fee of $250.93. The case is before us on the defendant's appeal.

The pleadings, the affidavits, and the transcript disclose the following pertinent facts. The complaint alleges that on September 5, 1967, defendant executed and delivered to plaintiff a promissory note whereby defendant promised to pay plaintiff $1,000, with interest on unpaid balance in advance, in 67 weekly installments of $15 per week, the first payment to be made on September 8, 1967. The complaint also alleges there was a default in the payments and therefore the entire balance, principal and interest, be-

came due and payable immediately, together with all costs of collection including a reasonable attorney's fee. A copy of the note is attached to the complaint. It provides, in pertinent part, that in case of default in payments as therein agreed, unless excused by the board of directors, the entire balance of the note shall become immediately due and payable, and that the maker agrees to pay all reasonable collection expense incurred by the lender in case of default, including reasonable attorney's fees.

The defendant filed an answer and claimed a trial by jury.

The plaintiff subsequently filed a motion for summary judgment under rule 56 of the rules of civil procedure of the superior court. It attached to the motion affidavits in support of the motion, copies of the promissory note, the ledger card showing the history of payments and the principal balance due, a copy of a notice to defendant advising him that the account was to be placed in the hands of an attorney for collection, and affidavits of three attorneys, including the attorney for plaintiff, as to the amount of a reasonable attorney's fee. It appears from the ledger card that the principal balance due was $806.09. The affidavits of the three attorneys state in substance that they know of their own knowledge the minimum fee schedule of the Rhode Island Bar Association; that the attorney's fee for collecting the amount due in the case at bar, computed according to the bar association's schedule, is $250.93; and that such fee is a reasonable minimum fee if plaintiff is not required to incur the expenses of a trial. Copies of the association's "Minimum Fee Schedule Revised 1967" are attached to the affidavits of the attorneys.

The defendant filed a motion to strike plaintiff's motion for summary judgment and an affidavit of defense. In the affidavit he states that he was notified by letter on March 13, 1968, that the note was to be placed in the hands of

an attorney for collection and that there was a principal balance due on April 29, 1968, of $865; that he was willing to pay and, in fact, tendered such amount; that subsequent to that event plaintiff's attorney accepted a payment of $30 on July 8, 1968, which was posted on July 18, 1968; and that defendant "was led to believe" that he was going to be given time again to make payments on this loan and that periodic payments would resume again.

The affidavit further alleges that subsequently he again tendered and offered the principal balance due; that plaintiff's attorney insisted on a counsel fee; that defendant refused to pay a counsel fee and again offered to pay the principal balance due; and that defendant disputes the counsel fee claimed because it is not a liquidated sum and no such counsel fee was ever agreed upon in his note and contract. The affidavit concludes with the statement that defendant has at all times been willing, after plaintiff's attorney refused to accept the periodic payments, to pay the principal balance due and claimed.

The matter was heard before a justice of the superior court. He denied defendant's motion to strike plaintiff's motion for summary judgment and then heard the case on plaintiff's motion for summary judgment. The defendant agreed that the balance due on the principal debt was $806.09, but he argued that when plaintiff's attorney accepted the $30 payment, "that it waived any breach before that." The plaintiff pointed out that defendant's affidavit contained no allegation that "the payment was submitted on that condition." The plaintiff also noted that defendant had not filed any affidavit to controvert its claim that the counsel fee sought was a reasonable one.

The trial justice found that there was no question that the balance due was $806.09, and that the note was not being paid in accordance with the terms thereof. Accordingly, he ordered that judgment be entered for $806.09 plus interest.

With respect to the question of the counsel fee the trial justice, after stating that $250.93 was reasonable under the circumstances, ordered that judgment be entered for such amount in addition to the amount of the balance due on the loan.

Two separate orders were entered, one denying defendant's motion to strike plaintiff's motion for summary judgment, and the other granting plaintiff's motion for summary judgment. In the latter the trial justice found that the following specific facts exist without substantial controversy:

"1. The defendant is in default in the payments on the promissory note referred to in the complaint;

"2. The balance due on the principal of said note is the sum of $806.09;

"3. The Court finds that $250.93 is a reasonable attorney's fee";

The order then states in substance that after considering the pleadings and the affidavits in support of and in opposition to the motion, the trial justice found that no genuine issue as to any material facts had been shown to exist, and that plaintiff was entitled to judgment. Accordingly, judgment on the motion for summary judgment was entered for plaintiff in the sum of $1,057.02 and costs.

As we have already stated, defendant did not deny in his affidavit that a loan was made to him or that he owed the principal amount claimed. However, on the basis of the allegation in his affidavit of defense that he "* * * was led to believe that he was going to be given time again to make payments on this loan," he now argues that plaintiff waived defendant's breach in failing to make timely payments. His first contention, therefore, is that there is a genuine issue of material fact with respect to the question whether payment of the principal amount was due immediately, or whether, in spite of his default, defendant could continue to make periodic payments. We do not agree.

Under rule 56(c) the question for the trial justice to determine was whether there was a genuine issue as to any material fact and not how that issue should be decided. *Slefkin* v. *Tarkomian*, 103 R. I. 495, 238 A.2d 742. An examination of the terms of the note and of plaintiff's affidavits establishes that plaintiff made out a prima facie case that the loan had been made, that the payments thereon were in default, that the entire balance became due and payable upon default, and that plaintiff was entitled to all reasonable collection expenses incurred by it, including reasonable attorney's fees.

A party opposing a motion for summary judgment must demonstrate how he will support his contentions that issues of fact exist. He need not submit all his evidence, and it is sufficient if he shows that he has evidence of a substantial nature, as distinguished from legal conclusions, to dispute that of the moving party on material factual issues. 3 Barron & Holtzoff, *Federal Practice and Procedure* §1235 (Wright ed. 1958) at 148-149. In the instant case, however, defendant's affidavit contains no facts whatsoever to support his conclusional statement that he "was led to believe" he would be given time again to make periodic payments. In such circumstances defendant's affidavit was not sufficient to create a genuine issue as to any material fact with respect to the question of waiver. See *Washington Trust Co.* v. *Fatone*, 104 R. I. 426, 244 A.2d 848; *Mill Factors Corp.* v. *L. S. Building Supplies, Inc.*, 103 R. I. 675, 240 A.2d 720. See also *Friendly Finance Corp.* v. *Calise*, 105 R. I. 203, 250 A.2d 709.

This brings us to what we believe is defendant's main point, namely, the question of the counsel fee. The defendant argues that there are genuine issues of material fact on this question. First, he claims, there is a dispute as to whether, under the facts of this case, any counsel fee was warranted. We disagree. On this record there can be no

dispute on this question; there is nothing in defendant's opposition affidavit which supports this argument.

The defendant's next contention is that the note provides only for the payment of a reasonable fee; that what is a reasonable fee is a question of fact; that the affidavits of the two attorneys, excluding that of plaintiff's attorney, as to the fee schedule established by the Rhode Island Bar Association are only opinion evidence and not statements of fact, on the basis of which a counsel fee may be fixed as a matter of law; that the affidavits of the two attorneys do not state as a fact that they have knowledge of what legal services were performed by plaintiff's attorney; and that they do not state facts which indicate as a matter of law that they were necessary in the instant case. In our judgment defendant's contention is without merit.

The policy of rule 56(e) is to allow an affidavit in support of a motion for summary judgment to contain all statements which, if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimony. 6 Moore's, *Federal Practice* §56.22 [1] (2d ed. 1966), at 2812. Since attorneys are competent to testify as experts in determining what is a reasonable charge for legal services rendered,[1] we are satisfied that the affidavits in question were competent evidence to establish the reasonableness of the attorney's fee sought by plaintiff. We are also satisfied that the affidavits contain sufficient facts to support the affiants' conclusion as to the reasonableness of the attorney's fee. Under rule 56(e), the defendant's failure to present opposition affidavits on the question of the reasonableness of the attorney's fee is fatal to his claim that there is a genuine issue for trial on this question.

In our judgment the plaintiff has established its burden of clearly proving that there was no genuine issue of fact

---

[1] *McLyman* v. *Miller,* 166 A. 548; *Brown* v. *Campbell,* 155 A. 403.

to be tried and that the facts as disclosed in the papers establish a right to judgment with such clarity as to leave no room for controversy. *Slefkin* v. *Tarkomian, supra.*

The judgment is affirmed.

*Oliver P. Crandall,* for plaintiff.

*Frank S. Cappuccio, Louis B. Cappuccio,* for defendant.