## Sidney E. and Elaine P. Young v. Northern Terminals, Inc.

[290 A.2d 186]

No. 128-71

Present: Shangraw, C.J. Barney, Smith and Keyser, JJ.

Opinion Filed April 4, 1972

Motion for Reargument Denied April 14, 1972

*Bloomer & Bloomer*, Rutland, for Plaintiffs.

*Donald E. O'Brien, Esq.*, Burlington, for Defendant.

**Barney, J.** The matter at issue is a claim for attorney's fees as provided by the terms of a note collected through litigation. The attorneys for the plaintiffs are the real parties in interest. The note itself, secured by a mortgage, had its payment provisions accelerated, as its terms provided for, and, by the efforts of the attorneys, full payment was arranged through an agreement between the parties.

The lower court then had before it only the issue of reasonable attorneys' fees. A partial payment had been made on account of such fee, and the parties submitted for adjudication the issue of whether or not anything more was due. The trial court decided no further fee was payable.

The note involved was in the principal amount of $33,600, payable in four installments of $8,400 each. On default of the first installment, the plaintiffs invoked the acceleration clause and declared the whole note due and payable. Suit was brought on the note by their attorneys and real estate attached. No foreclosure was undertaken. The attachment inspired the settlement under which the defendants paid three of the four installments, including one not due for a year, and accelerated the last payment, scheduled for July, 1973, to be paid January 2, 1972.

In support of their claim, the plaintiffs' attorneys introduced as evidence only the current fee schedule of the Rutland County Bar Association. No evidence of the amount of time and labor involved, or any other considerations on which fee charges are based, was put before the court. According to the findings, this schedule provides the following:

Collections.

50% of the first $100.00
25% of the balance

Costs of court must be advanced by client

The findings also report the following provision:

Foreclosure of mortgages.

$200.00 plus 2% of the amount found due the mortgagee

On the basis of this part of the schedule the trial court found that, had the plaintiffs proceeded by foreclosure, a course open to them, the minimum fee, based on the total indebtedness, would have amounted to $872. The partial payment, already received by the attorneys, amounted to $1115.50. The refusal of the trial court to enlarge the fee allowable was based on the lack of supporting evidence.

■ In this state it is accepted practice that negotiable instruments may provide for charging the maker with the costs of collection, including attorney's fees. See 9A V.S.A. § 3—106(e) ; *Darling* v. *Burlington Drug Co.,* 101 Vt. 155, 159, 142 A. 75 (1928). The purpose of this provision is to be of aid in insuring to the holder the full proceeds of the note, by allowing the recovery of certain of the expenses of collection brought about by the failure to pay the note on presentation according to its terms. *Washington Trust Co.* v. *Fatone,* 106 R.I. 168, 256 A.2d 490, 494 (1969) ; *Alcoa Edgewater No. 1 Fed. Credit Union* v. *Carroll,* 44 N.J. 440, 210 A.2d 68, 72 (1965).

■ Thus, the attorney's fee is recoverable by way of indemnification for such reasonable fees necessarily and properly paid or incurred, the limitation of reasonableness being to prevent injustice or oppression, and to guard against excessive charges. *United States* v. *Reed,* 31 A.2d 673, 675–76 (Mun.Ct.App.D.C. 1942). Where the creditor has been billed, or has already paid, the charges for legal services involved in collection, the issue is relatively simple. Those actual charges are to be tested for reasonableness, in the light of the circumstances, by the trial court, and the issue decided as one of fact. *Platt, Admx.* v. *Shields and Conant,* 96 Vt. 257, 269, 119 A. 520 (1923).

In this connection the proposition advanced by the attorneys of the plaintiffs here, that what was decided in another case,

as to proper attorney's fees, should govern this case, cannot be accepted. The issue is factual, and therefore each case must be supported by its own circumstances. Judicial determinations that are available as governing precedents are those that decide questions of law. The authority of *stare decisis* relates to the controlling power of decisions on the law, not the facts. See, generally, 21 C.J.S. *Courts* §§ 186–188. It is for this reason that the verdict of one jury is not controlling for another dealing with a parallel factual situation, and the same is true when a court is the trier of fact.

█ In the matter at issue, the creditors were not directly charged for the services performed by their attorneys. Instead, counsel agreed, in advance, to be satisfied by the judicial determination of the reasonable fee. Since the purpose of the right of recovery is indemnification, within reasonable limits, it has been argued that, with nothing shown as an expense to the creditor, there should be no such recovery. But it is generally held, and we hold here, that recovery can be allowed where the only agreement for fees is that the attorney should receive that fee allowed by the court. 11 C.J.S. *Bills and Notes* § 726 (3), at 272.

But, in accepting that practice, it must be noted that it alters and increases the burden of decision on the trial court, and requires a more definitive evidentiary presentation from the attorneys seeking compensation. There is a significant difference between deciding whether or not a stated fee is within the range of reasonable charges, and deciding the exact value of legal services rendered.

Since the court is, in this instance, involved in an original evaluation of the worth of the legal services rendered, rather than reviewing for reasonableness a particular fee already reduced to a precise figure, it had a need for precise factual information. The court needed data, not in this case to test the value placed on the services by the attorneys, but to arrive at that very value as an original matter. All of those factors listed in *Platt, Admx.* v. *Shields and Conant, supra,* 96 Vt. at 269, have to be considered and reduced to a specific dollar value. As noted, the plaintiffs' attorneys proffered only the minimum fee schedule of the Rutland County Bar Association as evidence to fulfill this purpose.

■ Although such a fee schedule, properly authenticated, is evidence that can be of assistance in evaluating the reasonableness of fees charged, see *Cottrell Employees Credit Union* v. *Pavelski*, 106 R.I. 29, 255 A.2d 162, 165 (1969), the determination of a fair fee in this case required something further. As the trial court put it, and we concur, the record is "meager", too meager to support a finding of what any additional charge should consist of, or be in payment for. It should be pointed out, however, that the services must be valued as they were rendered, as a collection suit, and not as some other kind of service, such as foreclosure, which might, or might not, have been appropriate. The choice of remedy is an aspect of the professional judgment that is part of the stock-in-trade of the attorney, and it is the worth of its exercise that is one of the constituents of a fee.

There is a suggestion that judgment in chief, disposing of the whole litigation, may have been inadvertently entered prior to final disposition of the matter at issue under the agreement of the parties. Although the time now seems to have run for the final scheduled payment (due after the entry of judgment made below), we will remand the matter so that, if necessary, a corrected entry can be made.

Since there is to be a remand, it is suggested that the plaintiffs' attorneys, apparently under a misapprehension as to their burden, be permitted to reopen the issue of proof of the value of their services and present further evidence in that regard, if they be so advised. See *Washington Trust Co.* v. *Fatone*, *supra*, 256 A.2d at 496.

*The judgment entered below is stricken and the cause remanded.*

**Mr. Justice Daley,** being disqualified, took no part in the decision of this case.