David B. STEWART, Jr., et al.

v.

INDUSTRIAL NATIONAL BANK OF
RHODE ISLAND.

No. 81–250–Appeal.

Supreme Court of Rhode Island.

April 20, 1983.

Reargument Denied May 19, 1983.

David Hassenfeld, Providence, for plaintiffs.

Deming E. Sherman and John H. Blish, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment of the Superior Court in favor of the defendant. Both parties moved for summary judgment in this class action and agreed that there was no dispute in respect to any material facts. Only one count of the plaintiffs' original complaint is in issue before this court. The following facts have been conceded by the parties in their briefs and at oral argument.

The representative members of the class had all borrowed money from defendant for noncommercial purposes. Each executed and delivered a promissory note to defendant by the terms of which the borrower promised to repay the loan together with interest and further agreed as follows:

> "If this note shall not be paid when due and shall be placed by the holder hereof in the hands of any agent or attorney for collection through legal proceedings or otherwise, the undersigned will pay to the holder hereof the costs and reasonable expenses of collection, including without limitation, reasonable attorney's fees."

It is conceded that all representative plaintiffs and members of the class defaulted on their notes and that the notes were placed in the hands of defendant's attorneys for collection. The defendant brought action against plaintiffs in the District Court. Each plaintiff was properly served with process but did not appear in person or through counsel to answer or contest the action in any way. The plaintiffs were defaulted, and ultimately default judgments were entered in favor of defendant against all debtors whom defendant had sued in the period from June 30, 1971, until the commencement of this action on June 29, 1977. In each case the District Court judgments awarded sums to defendant bank consisting of the principal and interest due from each debtor, plus an award for reasonable attorneys' fees.

From 1971 until 1974 the clerk of the District Court entered judgments, including sums for reasonable attorneys' fees, pursuant to that provision of Rule 55(b)(1) of the District Court Rules of Civil Procedure which reads as follows:

> "(b) Judgment. Judgment by default may be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person."

In each case an affidavit was supplied by defendant bank setting forth the amount due and owing for principal and interest, and further an affidavit was provided which set forth the amount of the reasonable attorney's fee. In every instance the fee did not exceed an amount equal to one-third of the balance due on such notes.

From 1975 to 1977, the default judgments were entered by justices of the District Court and also included sums for reasonable attorneys' fees determined from the affidavits submitted by the parties in accordance with Dist.R.Civ.P. 55(b)(2). This rule provides, inter alia:

"If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper."

It is undisputed that the justices of the District Court entered judgment, as had the clerks, based upon the affidavits submitted, save in the case of one set of plaintiffs in respect to which the amount of the attorneys' fee was proven in open court. No plaintiff or class member appealed from such judgments, nor has any plaintiff or class member moved to vacate the judgments as provided in Rule 60(b).

The defendant and its collection attorneys maintained a contingent-fee arrangement. Under this arrangement defendant promised to pay its attorneys a percentage of money actually collected on defendant's behalf. If the attorneys collected nothing, defendant was not obligated to pay a fee. If the attorneys collected the full amount owed to defendant, defendant paid the attorneys the full percentage as fixed in the agreement. If the attorneys collected a lesser amount, defendant paid to them a pro rata share.

The first contention raised by plaintiffs suggests that the clerks were not authorized to enter judgment on the basis of affidavits for a reasonable attorney's fee. With this contention we disagree. In *Cottrell Employees Credit Union v. Pavelski,* 106 R.I. 29, 255 A.2d 162 (1969), this court determined that a reasonable attorney's fee might be granted by the Superior Court on a motion for summary judgment supported by an affidavit, in the absence of any counter-affidavit sufficient to raise a question of fact. In that case the court observed:

"The policy of rule 56(e) is to allow an affidavit in support of a motion for summary judgment to contain all statements which, if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimony * * *. Since attorneys are competent to testify as experts in determining what is a reasonable charge for legal services rendered, we are satisfied that the affidavits in question were competent evidence to establish the reasonableness of the attorney's fee sought by plaintiff. We are also satisfied that the affidavits contain sufficient facts to support the affiants' conclusion as to the reasonableness of the attorney's fee." *Id.* at 35, 255 A.2d at 165.

This case is conclusive in establishing the proposition that an attorney's fee may be established by affidavit.

This court earlier in *Morris Plan Co. v. Whitman,* 51 R.I. 24, 150 A. 610 (1930), determined that an attorney's fee might be added in a reasonable amount to the sum due and owing from a debtor who was in default. The court further determined that a claim for an attorney's fee might be established by "a mere matter of computation

to arrive at the exact amount and accordingly the plaintiff's total claim was for a debt or 'liquidated demand in money' * *." *Id.* at 26, 150 A. at 611.

The holdings of this court in the *Cottrell* and *Morris Plan Co.* cases lead us ineluctably to the conclusion that the judgments relating to attorneys' fees were "for a sum certain or for a sum which can by computation be made certain, * * * " Dist.R.Civ.P. 55(b)(1), and therefore constituted an appropriate judgment for entry by a clerk.

A fortiori, a judgment including a reasonable attorney's fees was appropriate for entry by a justice of the District Court upon examination of affidavits. Consequently, the District Court by its clerk or justice did not act erroneously in entering default judgments against plaintiffs or class members for sums due and owing on promissory notes including reasonable attorneys' fees as established by affidavit. It is therefore unnecessary for us to reach the second question raising the appropriateness of collateral attack upon said judgments.

We only observe in respect to this issue that a defendant who has been properly served with process and who has neither entered an appearance, answered nor appealed from a judgment rendered against him, has virtually an impossible burden to overcome in collaterally attacking such judgment in situations wherein the court had jurisdiction of the subject matter. *See La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights,* R.I., 419 A.2d 274 (1980); *Borozny v. Paine,* R.I., 411 A.2d 304 (1980); *Hartt v. Hartt,* 121 R.I. 220, 397 A.2d 518 (1979). However, in the case at bar there has been no establishment of error on the part of the court, to say nothing of a lack of jurisdiction in the fundamental sense.

For the reasons stated, the appeal of the plaintiffs is denied and dismissed, the judgment of the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.

MURRAY and SHEA, JJ., did not participate.