John A. STOLGITIS

v.

STATE of Rhode Island, et al.

No. 95–480–A.

Supreme Court of Rhode Island.

May 30, 1996.

Joel Landry, Providence.

Joseph Larisa, Jr., Claire Richards, Providence.

### ORDER

This matter came before a panel of this Supreme Court on May 21, 1996, pursuant to an order directing both parties to appear and to show cause why the issues in this appeal should not be summarily decided. After hearing oral argument and examining the memoranda submitted by the parties, we conclude that cause has not been shown and the issues should be summarily decided.

The defendant, the State of Rhode Island, appeals from a Superior Court hearing justice's award of $107,868 in attorney's fees to the plaintiff, John A. Stolgitis (Stolgitis), for legal fees he incurred during litigation with the State Department of Environmental Management (DEM) after claiming that DEM had improperly removed him from his position as Chief of DEM's Division of Fish and Wildlife. The underlying dispute began in July 1992, and was resolved in December 1994, when the state and Stolgitis entered into a settlement agreement whereby Stolgitis was returned to his position at DEM, and further was to receive back pay, damages, costs, and attorney's fees. The state performed its obligations pursuant to the agreement except for those concerning the attorney's fees and costs.

The disputed attorney's fees were awarded by the hearing justice after he construed a paragraph of the settlement agreement. The paragraph stated that Stolgitis would be reimbursed for "reasonable attorneys [sic] fees * * * not to exceed one hundred seven thousand eight hundred sixty-eight dollars ($107,-868) plus one thousand nine-hundred dollars ($1,900) costs." The hearing justice did, in fact, award Stolgitis the full amount of the attorney's fees allowed under the terms of the settlement, remarking that the presence of specific digits in the $107,868 figure meant that it was "a bargained-out amount." Further, the hearing justice stated that the use of the specific sums in the settlement-agreement paragraph "means that by the use of the word 'reasonable', the State is agreeing that those amounts are reasonable." The state has appealed this ruling on the grounds that the awarded fees are "undocumented, inflated and unnecessary."

We believe the state's appeal has merit. It appears from our reading of the record that the hearing justice erroneously construed the settlement agreement between Stolgitis and the state. Our interpretation of the $107,868 figure in the attorney's-fee paragraph is that the amount merely represents a cap on the award of counsel fees that could be awarded. Therefore, the hearing justice should have

fully reviewed and scrutinized the attorney's-fees request instead of simply deciding that the state had agreed that the $107,868 figure was *per se* reasonable.

We have previously stated the approach that should be taken in determining the award of attorney's fees. This approach involves "an original evaluation of the worth of the legal services rendered, rather than reviewing for reasonableness a particular fee already reduced to a precise figure." *Colonial Plumbing & Heating Supply Co. v. Contemporary Construction, et al.*, 464 A.2d 741, 744 (R.I.1983) (quoting *Young v. Northern Terminals, Inc.*, 130 Vt. 258, 261, 290 A.2d 186, 189 (1972)). Based on this prior holding, we believe that this matter should be returned to the Superior Court for a more detailed exploration of the attorney's-fee award, so that a precise and factually-based determination may be reached regarding the award's reasonableness.

For these reasons, the defendant's appeal is sustained, the judgment appealed from is reversed, and we remand the papers in the case to the hearing justice for the purposes of his passing upon the request for attorney's fees in accordance with this order.

MURRAY and LEDERBERG, JJ., did not participate.