DECISION
After granting Capital Properties, Inc.'s ("CPI" or "Plaintiff") Motion for Costs and Attorney's Fees and denying City of Providence's ("City" or "Defendant") Cross-Motions to Vacate Judgments, this Court asked CPI to provide a detailed accounting of its fees and costs in support of said motion. A detailed history of the facts and travel of this case can be found in Capital Properties, Inc. v. City of Providence, et al., 2000 WL 1910088 (R.I. Super. 2000) and Capital Properties, Inc. v. State,749 A.2d 1069, 1085 (R.I. 1999).
 Calculating Attorney's Fees
The determination of an award of attorney's fees by a Superior Court justice is predicated upon the detailed guidelines established by the Rhode Island Supreme Court in Colonial Plumbing Heating Supply Co. v. Contemporary Const. Co., Inc., 464 A.2d 741 (R.I. 1983). Pursuant to the Code of Professional Responsibility, DR 2-106 (now Rule 1.5 "Fees" in the Rules of Professional Responsibility), a trial judge determines the reasonableness of an attorney's fee from the following factors:
 "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 (3) The fee customarily charged in the locality for similar legal services.
 (4) The amount involved and the results obtained.
 (5) The time limitations imposed by the client or by the circumstances.
 (6) The nature and length of the professional relationship with the client.
 (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 (8) Whether the fee is fixed or contingent." Id. at 743.
When considering these enumerated factors, each is important yet none is ultimately controlling. See id. (quoting Palumbo v. United States Rubber Co., 102 R.I. 220, 223-24, 229 A.2d 620, 622-23 (1967)). Moreover, consideration of these factors is a question of fact for the trial judge. See Schroff, Inc. v. Taylor-Peterson, 732 A.2d 719 (R.I. 1999); Colonial Plumbing, 464 A.2d at 744 (citing Young v. Northern Terminals, Inc.,130 Vt. 258, 261, 290 A.2d 186, 189 (1972)).
 Reasonableness of Fees
This Court must determine whether the fees and costs claimed by CPI are reasonable under Rhode Island standards. The Supreme Court has enunciated that "the determination of whether an attorney's fee is reasonable requires particular facts in the form of affidavits or testimony upon which the trial court may premise a decision." St. Jean Place Condominium v. Decelles, 656 A.2d 628, 628 (R.I. 1995). Furthermore, in Stolgitis v. State, 678 A.2d 1248, 1249 (R.I. 1996), the Rhode Island Supreme Court remanded the case to the Superior Court for a "detailed exploration of the attorney's fee award, so that a precise and factually based determination may be reached regarding the award's reasonableness."
Plaintiff maintains that the fees submitted are fair and reasonable under Rhode Island standards. However, Defendant argues that the hourly rates of Plaintiff's attorneys are excessive and not representative of the community standard. Defendant cites Mokover v. Neco Enterprises, Inc., 285 F. Supp. 1083 (D.R.I. 1992) as determinative of the hourly rate for Providence associates — $125 per hour.
The evidence before the Court demonstrates that CPI's attorneys spent approximately three years in their successful attempt to expunge illegal taxes levied upon it by the City. Moreover, the legal issues of this case were not "run of the mill." Rather, they were complex and involved analysis of statutory and constitutional law issues, all of which were argued before both the trial court and the Supreme Court. The outcome of these multi-million dollar cases had the potential to bankrupt CPI due to the excessive taxes and penalties assessed upon CPI by the City. These taxes, however, were found to be selective, arbitrary and illegal. See Capital Properties, Inc. v. State, 749 A.2d 1069, 1085 (R.I. 1999). Furthermore, this Court notes that the firm handling CPI's claims is the second largest firm in Providence. See Rhode Island Lawyer's Weekly, Apr. 30, 2001, at B3. Upon review of the criteria set forth by the Supreme Court in Colonial Plumbing and the Rules of Professional Responsibility, this Court finds the Plaintiff's attorneys, in presenting their case, met most, if not all of the conditions listed.
With respect to the amount of attorney's fees and costs, CPI submitted an affidavit and presented testimony of Stephen J. Carlotti ("Carlotti"), the former managing partner of Hinckley, Allen Snyder LLP. He asserted that the value of recorded time for the attorneys and paralegals who worked on the tax and condemnation matters was measured by multiplying the number of hours that each worked and the hourly rate for that attorney or paralegal. (Affidavit of Stephen J. Carlotti at 3-4.) Carlotti also averred that the hours spent on CPI's claims were necessary based upon the complexity of the issues and were similar to those hours spent on other clients in similar cases. (Affidavit of Carlotti at 5.) The average hourly rate charged was $170 for associates and $280 for partners. Recently, the Federal District Court in Rhode Island noted that an award of fees in the amount of $150 hourly rate for work done between 1998 and 1999 was below the normal range of prevailing rates charged by experienced attorneys. See Johnson v. State of Rhode Island, et al., 2000 U.S. Dist. Lexis 3773, *9 (D.R.I. 2000); see also, Ciuloa v. Rigney, 89 F. Supp.2d 104 (D.Mass. 2000) (indicating that fees awarded between 1995 and 1999 ranged from $245 per hour to $345 per hour). Accordingly, Defendant's reliance on Mokover for a fee of $125 per hour is misplaced.
Moreover, the Defendant had the opportunity but chose not to cross-examine Plaintiff's witness as to the accuracy of his statements. The defendant was equally afforded the opportunity to present testimony, either in the form of affidavit or in-court witness, to contradict the standard established by Plaintiff's expert. Defendant, however, chose not to exercise the ability to present such evidence, and as a result, failed to persuade this Court that the testimony presented by CPI was anything but accurate.
 Ancillary Suits
Also at issue is whether ancillary suits brought by CPI before the Tax Assessment Board as a result of Defendant's actions create a basis for those suits to be included in CPI's attorney's fee award. CPI urges that work performed in connection with the administrative tax appeals was a direct result of the City's illegal revaluation and was an integral part of CPI's litigation efforts. In contrast, Defendant fails to assert that the CPI's claims are unfounded but rather continues to argue that an award of attorney's fees is unreasonable.
It is well known that parties asserting a federal constitutional claim are generally permitted to recover attorney's fees for a state claim, tried in the same case, which is substantially related to the federal claim whether or not the federal claim is actually decided upon. See generally, International Ass'n. of Machinists and Aerospace Workers, Local Lodge No. 1142 v. Affleck, 504 A.2d 468 (R.I. 1986); Dawson, et al. v. Birenbaum, 968 S.W.2d 663 (Ky. 1998) (referencing the International Ass'n of Machinists and Aerospace Workers decision as precedent in deciding to award attorney's fees on a substantially related state claim); Johnson v. Commissioner of Public Welfare, 643 N.E.2d 444
(Mass. 1994) (permitting an award of attorney's fees for a state claim even though the federal constitutional claim was never litigated). Similarly, "where successful and unsuccessful claims share a common nucleus of operative facts or are based on alternative legal theories seeking the same relief, the claims may be so interrelated that it is impractical or unjust to exclude time spent on the unsuccessful ones in making an award of attorneys' fees." Pontarelli, et al. v. Stone, et al., 781 F. Supp. 114, 122 (D.R.I. 1992) (citing Hensley v. Eckerhart,461 U.S. 424, 435-37, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983)). Analogous to this policy would be permitting a party to recover attorney's fees for an administrative appeal brought before an agency resulting from the same transaction or occurrence as the original suit and substantially related to the litigated claim. Whether a claim asserted arises out of the same transaction or occurrence depends upon the logical relationship of the transpired events rather than upon the chronology or proximity of the events. See Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926); Wright, Miller and Kane, Federal Practice and Procedure § 1653 at 383 (1986).
Specifically, CPI was required to prepare and argue before the Providence Tax Assessment Board administrative matters which were filed as a direct result of the Defendant's "selective, arbitrary, and illegal" revaluation. See Capital Properties, Inc., 749 A.2d at 1085. In this case, the Plaintiff's reason for bringing an administrative tax appeal was Defendant's illegal revaluation, the same conduct necessitating this Superior Court claim. Plaintiff's preparation for that appeal coincided directly with the preparation necessary to develop its Superior Court case. Moreover, only 8.4%, or 114.1 of 1363.1 hours of the overall hours worked by CPI's attorneys during the three year time frame were devoted to litigating the matter before the City's Tax Assessment Board. In evaluating the detailed accounting of the hours of CPI's attorneys, it is clear to this Court that litigation of the Tax Assessment Board matter is so essentially interrelated to the Superior Court claims that it constitutes more than a mere passing connection and should be included in Plaintiff's attorney's fee award. In addition, Judge Needham, in a companion case, determined that "the Plaintiffs are awarded attorneys' fees as costs from the City necessitated by and/or related to the Illegal Tax and the prosecution of this claim." Union Station Associates v. Rossi, C.A. No. 97-5511, November 29, 1999, Needham, J. (emphasis added); see also, Capital Properties, Inc. v. City of Providence, et al, 2000 WL 1910088 (R.I. Super. 2000) (quoting paragraph 7 of Judge Needham's order in Union Station Associates).
 Conclusion
Because Plaintiff's claims before the City's Tax Assessment Board evolved out of the same transaction and occurrence, were so interrelated with the litigation of its Superior Court claims, and constituted such a small percentage of Plaintiff's attorney's overall output, such fees and costs that originated from the Tax Assessment Board claims should be included in Plaintiff's attorney's fee award. As this Court finds Plaintiff's fees and costs in the amount of $258,375.11 to be reasonable and fair, it grants CPI's petition for same.
Counsel shall prepare an appropriate order for entry.