Michael A. BUCCI, in his Capacity
as Director of the Department
of Business Regulation

v.

Jane ANTHONY et al.

No. 95–81–Appeal.

Supreme Court of Rhode Island.

Dec. 22, 1995.

**1255**

Richard B. Wooley, Asst. Atty. General, Walnut, CA, for Plaintiff.

Arthur M. Read, II, Providence, for Defendants.

**OPINION**

PER CURIAM.

This matter came before the Supreme Court on December 5, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised by their appeals should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, including the parties' supplemental memoranda, we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The plaintiff, Michael A. Bucci, in his capacity as the director of the Department of Business Regulation (DBR), appeals from a Superior Court judgment granting defendants' motion for summary judgment. The defendants appeal from the trial justice's denial of their request for attorney's fees.

This action arises out of litigation which occurred in the Federal Court in 1991. The defendants, state employees who were members of the Republican Party, were terminated from their positions as employees of Jai Alai Fronton in Newport and replaced by members of the Democratic Party. The defendants filed suit against the DBR in the United States District Court for the District of Rhode Island and alleged that their terminations were politically motivated. An injunction was granted which prevented the termination of defendants by the DBR. Subsequently, in August 1992, the parties executed a settlement agreement in which defendants' agreed to dismiss their claim in exchange for the state's promise that they would not lose their jobs. That agreement provided in relevant part as follows:

"4. *Reorganization:* The [state] agree[s] that the [employees] will hold their *per diem* positions with the State of Rhode Island, Department of Business Regulation (or its successor) as the same are presently constituted and that their work hours, duties, compensation, number of hours worked and other terms of employment will not be modified, altered or changed in any way (except for such increases in wages as may be granted to similarly situated state employees).

"In the event that the State of Rhode Island seeks to reorganize the Department of Business Regulation, or its successor, while defendant Sundlun holds the office of Governor, with regard to those jobs currently held by plaintiffs and, as a result, the *per diem* positions are held by the plaintiffs are eliminated and new full time positions are created (whether classified or unclassified) then, upon such reorganization, the plaintiffs, should then apply for employment by the State in any such new job or position created or modified as a result of such reorganization, would be considered fairly by the State for employment in any or all such new positions whose job description is substantially similar to any *per diem* job ever held by such plaintiff with the State. In so considering

such plaintiff's application, the State of Rhode Island will give credit for and great weight to such applicant's prior experience and tenure in such *per diem* position and will not give any credit, consideration or weight to such plaintiff's political beliefs."

■ In April 1995 plaintiff filed the instant action, seeking declaratory relief. In the petition, plaintiff alleged that the revenues generated by the Division of Racing and Athletics, which employs defendants, had declined in recent years. As a result the DBR sought permission to change the rate of pay of the per-diem personnel employed at Lincoln Greyhound Park and the Jai Alai Fronton in Newport. In response to the proposed action by the DBR, defendants filed a counterclaim, alleging that the changes in compensation violated the terms of the settlement agreement. The Superior Court hearing justice found that the wage modification would violate the terms of the settlement agreement and enjoined the state from modifying the terms of the defendants' employment. He further ordered the DBR to pay defendants retroactive wages. The defendants' request for attorney's fees was denied. We are of the opinion that the hearing justice's interpretation of the agreement is consistent with the clear, unequivocal language contained therein. The agreement provides that the terms of defendants' employment will not be "modified, altered or changed in any way." Moreover, as the trial justice noted, if the DBR wanted to reserve a right to reduce defendants' pay without discrimination in the event of a fiscal crisis, the time to include that provision was before signing the agreement, not afterward. Accordingly we find that the hearing justice properly denied the DBR's motion for summary judgment.

■ With respect to defendants' contention that the hearing justice erred in denying their request for attorney's fees, we find this argument to be without merit. General Laws 1956 (1985 Reenactment) § 9-1-45, as amended by P.L.1990, ch. 371, § 2 permits a court to award reasonable attorney's fees to a prevailing party when the court finds that there was a complete absence of a justiciable issue raised by the losing party and is discretionary. In the instant case the hearing justice determined that the DBR's position rested upon an arguable proposition of law. Therefore, we find that he acted within his sound discretion in denying the defendants' request for counsel fees.

For these reasons the DBR's appeal and the defendants' cross-appeal are denied and dismissed. The Superior Court judgment is affirmed and the papers of the case are remanded to the Superior Court.