DECISION
Before the Court is plaintiff's Women's Development Corporation and Women's Opportunity Realty Corporation (herein "WDC"), objection to defendant's City of Central Falls, ("City") application for attorney's fees and expenses. Additionally, the City requests costs, including reasonable attorney's fees, for sums incurred as a result of WDC's attempts to have a supersedeas bond waived and for sums incurred as a result of the City's filing a receivership action against WDC. Jurisdiction is pursuant to G.L. §§ 9-1-45, 9-29-21 and R.I. Super. R. Civ. P. 11.
 Facts/Travel A. Section 9-1-45 Fees
The facts relevant to the matter before the Court are as follows. Following a trial ending on July 21, 1997, the City obtained a judgment against WDC in the amount of $123,618.90 plus interest. On or about August 14, 1997, this Court heard the City's motion, pursuant to G.L. § 9-1-45, requesting attorney's fees for its defense of a breach of contract cause of action filed by WDC. Additionally, the City asked for fees for the prosecution of a breach of contract counterclaim it filed against WDC. On January 14, 1998, this court issued a decision granting the defendant City's request for attorney's fees.
On or about July 7, 1998, this Court issued an order requesting the City to submit an accounting for the fees and costs it sought along with any supporting affidavits and time records. In compliance with this order, the City has submitted an accounting of its fees and costs, along with its time records. Additionally, the City has submitted personal affidavits as well as affidavits from other attorneys in support of its fees. See
Affidavits of Marc DeSisto and J. William W. Harsch; See also
Affidavits of Dennis Baluch and Kevin M. Brill in support of the City's requests for attorney's fees. The City requests attorney's fees and costs in the amount of $141,330.26.[1]
The WDC is now before this court having filed an objection to the City's requests for attorney's fees and costs. First, WDC argues that the City may seek fees only for those issues where the court found a complete absence of a justiciable issue of either law or fact. Next, WDC argues that the City may not seek fees for those matters where no findings were made by the court. Further, WDC urges this Court to review the time records and delete those services which are not subject to fee shifting. Finally, WDC contends that the City's time records are not detailed enough, that the City's fees are not reasonable, and that the City is not entitled to expenses for expert witnesses.
 Justiciable Issue
The WDC cites to Bucci v. Anthony, 667 A.2d 1254 (R.I. 1995), arguing that the City may pursue attorney's fees only for those issues wherein the Court found a complete absence of a justiciable issue of law or fact had been raised by the non-prevailing party. As such, WDC contends that the City may not collect fees for the time it spent working on the following items: contract issues for which there was a justiciable factual or legal issue; fraud issues as WDC prevailed on this matter; and constitutional issues for which the City prevailed in Federal Court.
Section 9-1-45 of the Rhode Island General Laws gives a court authority to award attorney's fees in breach of contract actions. The statute provides:
 "The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court:
 1. Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or
 2. Renders a default judgment against the losing party."
In Bucci, the Rhode Island Supreme Court recognized that a trial judge may, under § 9-1-45, "award reasonable attorney's fees to a prevailing party when the court finds that there was a complete absence of a justiciable issue raised by the losing party. . . ." Bucci, 667 A.2d at 1256. An award of attorney's fees is not proper, however, if a party's position rests on an arguable position of law. Id.
After hearing from the City and reviewing the affidavits and the accountings submitted, this Court is satisfied that the City has included in their time records entries for time spent on only those issues relating solely to the defense and prosecution of the breach of contract claims which did not present a justiciable issue of law or fact. In his affidavit, Attorney Harsch represents that he has, to the best of his ability, "only included in [his] billings those items, which relate to the breaches of contracts claims and defenses." See Affidavit of J. William W. Harsch at para. 6. Similarly, Mr. DeSisto has represented in court that he has also deleted charges for fees which are not recoverable pursuant to this Court's order.
 Separation of Claims
The WDC argues that the City may not seek attorney's fees for those issues where the court made no findings.[2] WDC contends that the City's affidavits and time records are not sufficiently detailed and as such do not allow this Court to delete services which are not subject to fee shifting.
In Pontarelli v. Stone, 781 F. Supp. 114 (D.R.I. 1992), the Rhode Island Federal District Court discussed the computation of attorney's fees in "mixed success cases." Generally, "in . . . `mixed success' cases, hours spent on unsuccessful claims must be excluded from fee computations if those claims are separate and distinct from the successful claims. . . ." Id. at 120. The court noted, however, those situations where it is not practical to exclude time spent working on unsuccessful claims in computing awards of attorney's fees:
 "It is true that where successful and unsuccessful claims share a common nucleus of operative facts or are based on alternate legal theories seeking the same relief, the claims may be deemed so interrelated that it is impractical or unjust to exclude time spent on the unsuccessful ones in making an award of attorney's fees. Hensley v. Eckerhart, 461 U.S. 424, 435-37, 103 S.Ct 1933, 1940-41, 76 L.Ed.2d 40 (1983)). . . . Whether multiple claims are so intertwined that allocation is not required or sufficiently distinct that allocation is required depends on the facts and circumstances of each case." Id. at 122.
In Pontarelli, the court held that claims successfully, and unsuccessfully, asserted in a sexual discrimination action were separate, distinct, and required allocation in that the claims were asserted by different parties and involved different time periods. Id. at 122-23
After reviewing Pontarelli, the Court declines the invitation to separate the City's fee award in the manner that WDC requests. Unlike those in Pontarelli, the claims before this Court emanate from a breach of contract action involving the same parties and are not separate and distinct. As such, this Court finds that it would be impractical and unjust to require the City to separate its requests for fees as WDC suggests.
 Reasonable Attorney's Fees
The WDC argues that the amount of attorney's fees requested is unreasonable. Further, WDC contends that the City's affidavits are deficient and lack necessary information for which the Court may assess the reasonableness of the fees requested.
Rule 1.5 of the Rhode Island Rules of Professional Conduct provides factors to be used in determining the reasonableness of an attorney's fee. The factors include:
 "1. the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 2. the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 3. the fee customarily charged in the locality for similar legal services;
 4. the amount involved and the results obtained;
 5. the time limitations imposed by the client or by the circumstances;
 6. the nature and length of the professional relationship with the client;
 7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and
 8. whether the fee is fixed or contingent."
"The determination of whether an attorney's fee is reasonable requires particular facts in the form of affidavits or testimony upon which the trial court may premise a decision." St. JeanPlace Condominium v. Decelles, 656 A.2d 628 (1995) (citingColonial Plumbing Heating Supply Co. v ContemporaryConstruction Co., 464 A.2d 741 (R.I 1983)). See Matter ofGrochowski, 701 A.2d 1013, 1015 (R.I. 1997) (attorney's fee unreasonable where attorney received fees without providing any substantive services). Attorneys are considered competent as experts and may testify as to whether a particular fee is reasonable for the services rendered. Colonial Plumbing, 464 A.2d at 744 (quoting Cottrell Employees Credit Union v. Pavelski,106 R.I. 29, 35, 255 A.2d 162, 165 (1969)). But see Laverty v.Pearlman, 654 A.2d 696, 704 (1995) (trial judge properly rejected portions of expert's testimony where expert based his opinion exclusively on time sheets prepared by attorney and failed to consider other Rule 1.5 factors).
Having considered the factors, as outlined in Rule 1.5, this Court finds that the City's requests are reasonable and well-documented. The billings submitted in this case were for a time period which exceeded one year. The City was successful and obtained a judgment in an amount that exceeded $140,000. Furthermore, the City has submitted affidavits of experienced attorneys who, upon reviewing the matter, have opined that the fees charged are fair and reasonable. See Affidavit of Dennis Baluch at para. 2-4[3]; See also Affidavit of Kevin M. Brill at para 7-9.[4] This Court accepts the affidavits of the attorneys in support thereof.
 Expert Fees
The WDC contends that expert witness fees are not taxable as costs under § 9-1-45 or under § 9-22-5 and Rule 54 (b). Additionally, WDC argues that the City's invoices submitted in support of its claim for expert fees lack sufficient detail and do not comply with the requirements of § 9-1-45.
As stated supra, G.L. § 9-1-45 gives a court authority to award attorney's fees in breach of contract actions when the court "finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. . . ." The statute does not, however, make mention of an award of fees for expert witness expenses. Compare R.I.G.L. §§ 5-55-8,15-8-25, 19-28.1-21 (providing specifically for attorney's fees and expert fees); See also Gerstein v. Scotti, 626 A.2d 236, 239 (R.I. 1993) (under G.L. § 9-19-27, expert witness fees may be included as costs payable to prevailing party).
Section 9-22-5 of the Rhode Island General Laws provides: "In civil actions at law, the party prevailing shall recovercosts, except where otherwise specifically provided, or as justice may require, in the discretion of the court." As defined by our state Supreme Court, "costs are normally considered the expenses of suing another party, including filing fees and fees to serve process. Kottis v. Cerilli, 612 A.2d 661, 669 (R.I. 1992). "Fees to pay expert witnesses would not be included in this definition of costs. Id. As is true in "any other ascertainment of costs, discretion is conferred upon the trial justice in apportioning costs." Sleboda v. Heirs At Law ofHarris, 508 A.2d 652, 659 (R.I. 1986). As such, this Court declines the City's request for expert witness fees. This court will, however, pursuant to § 9-22-5, grant the City's requests for costs which include process server fees, carrier fees, copying fees, and fees for transcripts.
 Facts/Travel B. Fees Under R.I. Super. R. Civ. P. 11, R.I.G.L. § 9-29-21
On or about July 17, 1998, this Court heard WDC's motion, pursuant to R.I. Super. R. Civ. P. 62(d), requesting an order staying the execution of the judgment in this matter. Additionally, WDC sought a waiver of the supersedeas bond requirement or, in the alternative, requested permission to post real estate as alternative collateral. WDC argued inter alia,
that it was "impossible for plaintiffs to procure a supersedeas bond." See Supplemental Memorandum In Support of Plaintiffs' Motion For Stay of Execution Pending Appeal And Request For Waiver of Supersedeas Bond Requirement Pursuant To Super. R. Civ. P. Rule 62(d) And R.I.G.L. Section 9-25-4 at 1. On or about July 23, 1998, this Court denied WDC's motion and request. See order dated July 23, 1998, Gibney, J.
On or about July 23, 1998, the City petitioned the Court for receivership. A Justice of the Superior Court issued a temporary restraining order, which stated that WDC was "restrained and enjoined from making payments or transferring assets in any manner except in the normal course of business to meet immediate and necessary operating expenses." See order dated July 24, 1998, Silverstein, J. A hearing was scheduled for August 19, 1998. On or about August 18, 1998, WDC obtained a supersedeas bond in the amount of $143,736.00. See Defendant's Motion and Objection, Exhibit C.
The City is now before this court requesting costs, including reasonable attorney's fees, for sums incurred as a result of WDC' attempts to have a supersedeas bond waived and for sums incurred as a result of the City's filing of a receivership action against WDC. The City argues that WDC, after representing to the Court that it could not obtain a supersedeas bond, ultimately procured said bond. Also, the City argues that it pursued a receivership action based on WDC's assertions that it was impossible for it to post a supersedeas bond.
In pertinent part, R.I. Super. R. Civ. P. 11 provides:
 "The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, any appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."
General Laws Section § 9-29-21[5] contains similar language. Both Rule 11 and section 9-29-21 generally follow the 1983 amendment to Federal Rule 11. See Committee Notes to R.I. Super. R. Civ. P. 11.
Having reviewed the language of Rule 11 and § 9-29-21, this court grants the City's motion for costs including reasonable attorney's fees. In its supplemental memorandum signed by its attorneys, WDC represented that "it [was] impossible for [them] to procure a supersedeas bond. . ." See Supplemental Memorandum In Support of Plaintiffs' Motion For Stay of Execution Pending Appeal And Request For Waiver of Supersedeas Bond Requirement Pursuant To Super. R. Civ. P. Rule 62(d) and R.I.G.L. § 9-25-4 at 1. Nevertheless, on or about August 18, 1998, WDC managed to procure a supersedeas bond in the amount of $143,736.00. Further, this Court finds support for the City's contention that it pursued a receivership action based on WDC's assertions. Attached to WDC's supplemental memorandum were excerpts of a transcript of Alma Green, President and Chief Executive Officer of WDC and WORC, in which she testified that neither WORC nor WDC had money [as of April 27, 1998] to pay the judgment. Further, Ms. Green testified that she did not anticipate that WDC would have the money to satisfy the judgment any time in the near future. See id. Exhibit B at pg. 44-45.
This Court finds that based on WDC's representations, as well as the City's, fees and expenses are warranted and justified. Also, this Court finds that it was reasonable for the City to petition the court for receivership. As such, this court grants the City's request for fees and expenses pursuant to R.I. Super. R. Civ. P. 11 and G.L. §§ 9-29-21. Counsel shall present an accounting of its fees and expenses.
 Conclusion
Pursuant to § 9-1-45 and 9-22-5, this Court finds that the City's request for attorney's fees and costs, excluding expert witness fees, is reasonable.[6] Furthermore, this Court grants the City's motion for fees and expenses pursuant to Rule 11 and § 9-29-21.
Counsel shall submit an appropriate order for entry.
[1] Attorney Harsch has requested attorney's fees in the amount of $82,252.50. This total represents fees for work done by J. William W. Harsch, John M. Marks and Carolyn A. Mannis. Additionally, Mr. Harsch requests fees for transcripts and expert witnesses totaling $26,602.76.
Attorney DeSisto requests fees and expenses in the amount of $32,475.00. This total represents attorney's fees for Mr. DeSisto and another attorney, Kathleen Powers. This total also includes work done by members of Mr. DeSisto's office.
[2] Specifically WDC argues that that this Court may seek fees only for time spent on matters relating to:
1. WDC's failure to include anti-kickback language in its sub-contracts.
2. WDC's failure to obtain written approval of its sub-contracts from the city.
3. WDC's failure to include equal employment opportunity language in sub-contracts.
4. WDC's failure to follow required procurement procedures in the sub-contract for architectural services. (See Memorandum In Support of Plaintiff's Objection To Application For Attorneys Fees at 2-3.)
[3] Those specific portions of Dennis Baluch's affidavit provide:
 2. "I am familiar with the pertinent parts of this case and I have been given access to all of the files in this matter.
 3. It is my opinion that the rate charged by Mr. Harsch and his staff including attorneys John Marks and Carolyn Mannis is fair and reasonable.
 4. It is my opinion that the time spent in this matter by Mr. Harsch and his staff has been necessary and that his fee is reasonable."
[4] Those specific portions of Kevin Brill's affidavit provide:
 7. "I have reviewed Mr. DeSisto's affidavit and the relevant pleadings.
 8. Based upon my review of those relevant pleadings and Mr. DeSisto's affidavit, and based upon my own experience, I have an opinion as to whether the fees sought by DeSisto Law Associates are reasonable. It is my opinion that the fees sought are reasonable.
 9. The hourly rate claimed by Mr. DeSisto and by Kathleen Powers is more than reasonable considering their experience and expertise.
[5] In pertinent part, G.L. § 9-29-21 provides:
 "The signature of an attorney or party constitutes a certificate by him or her that he or she has read the pleading, motion, or other paper; that to the best of his or her knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."
[6] The following attorney's fees and costs are allowable:
 Attorney's Fees Costs Submitted By J. William W. Harsch
$82,252.50 + $125.72
 Attorney's Fees and Costs Submitted By Marc DeSisto
 $32,475.00