WEYBOSSET HILL INVESTMENTS, LLC

v.

Thomas ROSSI, in his capacity as tax assessor for the City of Providence.

No. 2005–192–Appeal.

Supreme Court of Rhode Island.

April 12, 2006.

Richard A. Licht, Providence.

Caroline C. Cornwell.

## ORDER

The plaintiff, Weybosset Hill Investments, LLC (Weybosset), appeals from an order of the Superior Court denying its motion for attorneys' fees and costs. For the reasons set forth herein, we affirm the order of the Superior Court.

This appeal ultimately stems from Weybosset's challenge to four years of tax assessments on property that it had purchased from Blue Cross and Blue Shield of Rhode Island.[1] In our decision concerning the merits of the underlying action, we affirmed the Superior Court's decision in which it held that the real estate had been overassessed for the four tax years in dispute and awarded damages to Weybosset. After this Court's decision on the merits was issued, Weybosset filed a motion in the Superior Court seeking attorneys' fees and costs. The Superior Court denied that motion, and Weybosset has timely appealed from that denial.

On appeal, Weybosset argues that it is entitled to attorneys' fees on two distinct grounds: (1) the provisions of G.L.1956 § 44–7–12(b); and (2) this Court's inherent power to award attorneys' fees in the interest of justice.

We first address Weybosset's argument based upon § 44–7–12(b).[2] That statutory provision reads as follows:

"The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from the collection of a municipal tax levy in which the court:

(1) Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or

(2) Renders a default judgment against the losing party."

It is clear from this statutory language that there are three requirements which must have been met before Weybosset could properly seek attorneys' fees under § 44–7–12(b): (1) Weybosset must have been the prevailing party in the underlying civil action; (2) the civil action must have arisen from the collection of a municipal tax levy; and (3) the losing party must

1. The facts and procedural issues relevant to the underlying tax assessment litigation (and therefore to this attorneys' fees controversy) are set forth in our opinion on the merits in *Weybosset Hill Investments, LLC v. Rossi*, 857 A.2d 231 (R.I.2004), and we need not fully reiterate them here.

2. The issue of *prima facie* eligibility for an award of attorneys' fees under this or any comparable statute is one of law that is reviewable on a *de novo* basis by this Court. *See Carnevale v. Dupee*, 783 A.2d 404, 408 (R.I.2001) ("Questions of law, * * * including questions of statutory interpretation, are reviewed *de novo* by this Court.").

have failed completely to raise a justiciable issue of either law or fact in that civil action.[3]

As to the first of those requirements, this Court's decision on the merits makes it abundantly clear that Weybosset was the prevailing party in the underlying civil action.

After carefully considering the record, however, it is equally clear to us that the Superior Court correctly concluded that Weybosset did not satisfy the second requirement for recovery under § 44–7–12(b). That is so because the underlying civil action did not arise from the *collection* of a municipal tax levy, but rather from the *assessment* of taxes. As such, this case is governed by G.L. 1956 chapter 5 of title 44, entitled "Levy and Assessment of Local Taxes." Significantly, chapter 5—unlike chapter 7, which governs "Collection of Taxes"—contains no provision for the awarding of attorneys' fees.

In arguing that it is entitled to attorneys' fees, Weybosset relies upon the case of *Capital Properties, Inc. v. City of Providence*, 843 A.2d 456 (R.I.2004), in which we affirmed an award of attorneys' fees under § 44–7–12(b) to a party that had prevailed over the City of Providence in a dispute over tax assessments. Specifically, Weybosset relies upon a comment in our opinion in that case to the effect that "the assessment of taxes and the collection of taxes are inextricably linked." *Capital Properties, Inc.*, 843 A.2d at 461. Weybosset's reliance on that language in *Capital Properties* is misplaced, however, because the facts that provided the context for the quoted words in our opinion in that case

are not present in the instant case. Although the plaintiff in *Capital Properties*, 843 A.2d at 461, like the plaintiff in this case, initiated proceedings against the city pursuant to § 44–5–26, which governs appeals of tax assessments, this Court specifically stated in *Capital Properties* that the city's actions had "moved the illegal assessment action into the realm of illegal collections."[4] Significantly, in that case, the city did not merely err in assessing the property, but also chose to take aggressive follow-up steps including sending tax bills to the property owner and mailing tax-sale notices which threatened to sell the property at public auction. *Id.* By contrast, in the present case, there is no evidence in the record that the city took any follow-up actions of that type in order to collect on its erroneous assessments.

The instant case can be similarly distinguished from *Union Station Associates v. Rossi*, 862 A.2d 185 (R.I.2004), which arose from the same factual background as *Capital Properties*. In *Union Station*, we held that the "reassessments and tax liens placed on the plaintiff's land * * * were part of the same general extortionary design at issue in the *Capital Properties* trilogy," and we affirmed the award of attorneys' fees to the plaintiffs, who had sought mandamus relief with respect to the illegal taxes. *Id.* at 196. Because there is no evidence in the present case that Weybosset was subjected to the "municipal thuggery" that confronted the plaintiffs in both the *Union Station* and *Capital Properties* cases, we perceive no principled basis for extending the meaning

---

**3.** Even if Weybosset could satisfy all three requirements (thereby establishing *eligibility* under the statute), the court, pursuant to the express language of the statute, would still have discretion as to whether or not to award fees. *See* G.L.1956 § 44–7–12(b) ("The court

may award a reasonable attorney's fee * * *.") (emphasis added).

**4.** Since "the realm of illegal collections" was implicated, the provisions of G.L.1956 § 44–7–12(b) quite properly came into play in that case.

of the word "collection" or the reach of § 44–7–12(b) to encompass the facts of this case.

Although it is not necessary for us to reach the third requirement for recovery under § 44–7–12(b)(1)—namely, that there be "a complete absence of a justiciable issue of either law or fact"—we would nonetheless note our agreement with the Superior Court's ruling that the defendant (the "losing party" in the language of the statute) did raise at least two justiciable issues in the underlying litigation. The defendant's contentions that Weybosset lacked standing and that a challenge to an assessment is not an assignable cause of action certainly raised justiciable issues. *See Greensleeves, Inc. v. Smiley,* 754 A.2d 102, 103 (R.I.2000) (mem.); *Bucci v. Anthony,* 667 A.2d 1254, 1256 (R.I.1995).

Accordingly, Weybosset is not entitled to attorneys' fees and costs pursuant to § 44–7–12(b), because it has failed to meet two of the three requirements for recovery under that section.

The second ground upon which Weybosset bases its claim for attorneys' fees and costs is this Court's inherent power to award such fees in the interest of justice. In support of this argument, Weybosset cites to *Vincent v. Musone,* 574 A.2d 1234, 1235 (R.I.1990), in which this Court awarded fees in the exercise of "its inherent power to fashion an appropriate remedy that would serve the ends of justice in this controversy." After reviewing the entire record, we conclude that the present case is not an occasion on which to award attorneys' fees on that basis.

For these reasons, we affirm the order of the Superior Court.