Mary M. LISI, Chief Disciplinary
Counsel

v.

Peter O. GRIMES.

No. 91–643–M.P.

Supreme Court of Rhode Island.

Jan. 10, 1992.

Mary M. Lisi, Chief Disciplinary Counsel, for plaintiff.

Peter O. Grimers, pro se.

## OPINION

PER CURIAM.

This is a disciplinary proceeding that was heard by the Disciplinary Board of the Supreme Court of Rhode Island (board) in June 1991.

The respondent, Peter O. Grimes (Grimes), became a member of the Rhode Island Bar on November 8, 1968.

In mid-August 1991 J. Peter McGuirl, judge of the Jamestown Probate Court, notified the board that he had ordered Grimes to submit an accounting regarding the estate of Frank Peter Slingluff. The probate judge notified the board that forty-two checks had been written on diverse dates by Grimes, the administrator of the estate. Consequently a citation was issued for Grimes to appear before the probate judge in early July 1991.

On that occasion Grimes indicated that he would file an inventory and various accountings. Grimes was given one week to file an inventory and three weeks to file an accounting.

On July 25, 1991, Grimes filed the accounting, and subsequently on August 6, 1991, he filed an amended accounting. In his accounting Grimes disclosed but did not specifically list the forty-two checks from the estate, all of which were made out to Grimes. As a result of this discovery, Grimes was removed forthwith as the administrator. Grimes submitted a second and final account, which indicated that for the period from November 17, 1987, to July 24, 1991, the estate had received $182,-539.64 and paid out $182,402.83, leaving a balance in the account of $136.81.

At the same time the board was investigating the matter. On June 26, 1991, a variety of exhibits were presented to the board. Grimes did not see fit to answer the allegations.

The board's report indicates that Grimes commenced acting as attorney for the Slingluff estate in 1987 and continued to act as attorney during all periods material to this action. The record indicates that from January 15, 1988, up through and including February 6, 1991, Grimes wrote and cashed several checks amounting to a sum in excess of $24,000 drawn on the estate account and made payable to him in various amounts.

Sometime in late July 1990, Grimes wrote a check drawn on the estate account and payable to a law firm in the amount of $7,000. The check was returned because of insufficient funds.

The board classified Grimes's conduct as tantamount to embezzlement. Consequently the board recommends that Grimes be disbarred from the practice of law. This court subscribes wholeheartedly to the sentiments expressed by the board.

For these reasons the respondent, Peter O. Grimes, is disbarred from the practice of law in this state, effective on the date of this opinion and is hereby ordered to

promptly comply with Rule 42–15 of the Rhode Island Supreme Court Rules.

MURRAY, J., did not participate.