In the Matter of Thomas
M. GROCHOWSKI.

No. 96–553–M.P.

Supreme Court of Rhode Island.

Dec. 18, 1996.

David Curtin, Chief Disciplinary Counsel, for Petitioner.

Thomas M. Grochowski, Pro Se.

PER CURIAM.

This disciplinary matter comes before us pursuant to Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure. The Disciplinary Board of the Supreme Court of Rhode Island (Board) conducted a hearing on three petitions for disciplinary action alleging that the respondent, Thomas M. Grochowski, had violated the Supreme Court Rules of Professional Conduct in his representation of three clients. At the conclusion of the hearing it was the recommendation of the Board that the respondent be publicly censured. After reviewing the record and having heard the arguments presented by the respondent, we accept the findings of fact as made by the Board. However, for the reasons set forth below, we impose the sanction of a three-month suspension from the practice of law.

■ The facts giving rise to this disciplinary proceeding, as found by the Board by clear and convincing evidence, are as follows. Kathleen S. Allen (Allen) retained respondent in 1989 to assist her in the probate of the estate of Margaret Helen Barry, Allen's aunt. The estate remained open as of December of 1994. On December 12, 1994, Allen filed a disciplinary complaint against respondent with the Office of the Disciplinary Counsel, alleging that respondent was dilatory in settling the estate and had not responded to her repeated requests for information.

■ The respondent was less than responsive to the disciplinary counsel as well, not filing an answer to Allen's complaint until May 12, 1995, and only after several demands that he do so. At the disciplinary hearing conducted on January 23, 1996, respondent acknowledged that probate was still pending on the will, saying "it is simply a matter of finding the time to close that estate out." Relying on these facts the Board concluded that in his representation of Allen respondent had violated Article V, Rule 1.3, of the Supreme Court Rules of Professional

Conduct, which requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The Board further found that respondent's failure to timely respond to the disciplinary complaint violated Rule 8.1(b) of the Rules of Professional Conduct, which provides that it is professional misconduct for a lawyer in a disciplinary matter to "knowingly fail to respond to a lawful demand for information" from a disciplinary authority.

Two other clients also filed complaints with the Office of the Disciplinary Counsel, alleging that respondent failed to be diligent in his contacts with them and had failed to refund the unearned portion of advanced retainer fees when requested to do so. The Board found that respondent had not violated his professional obligations with respect to his representation of those clients. However, as in his reply to the Allen complaint, respondent was found to have failed to comply promptly with requests for a response from the disciplinary counsel to each of these complaints. As a result the Board found he had violated his obligations under Rule 8.1(b).

■ The respondent's conduct, as determined by the Board, falls below the standards expected of attorneys admitted to practice law in this jurisdiction and therefore warrants discipline as the Board has recommended. Attorney Grochowski's contentions before the Board, "I've learned my lesson" and that he would give any future complaints "a top priority" would perhaps have been more persuasive had he not continued in his dilatory practices after the disciplinary hearing. We find it particularly noteworthy that when respondent appeared before this court nearly five months after the conclusion of the hearing before the Board, he had still not "found the time" to deliver the estate file to Allen's new attorney, even though she had made that request months before.

In conclusion, we accept the factual findings made by the Board. However, we believe that a more severe sanction is warranted by the respondent's failure to exercise due diligence on Allen's behalf even after his conduct had become the subject of disciplinary proceedings. Accordingly we order that the respondent be suspended from the practice of law for a period of three months, said period of suspension to commence thirty days from the date of this opinion. In order to protect the interests of his current clients, the respondent shall file with the clerk of this court either a list of all active clients or a statement by an attorney or attorneys who will assume responsibility to protect those clients' interests.