**In The Matter of Thomas M. GROCHOWSKI.**

**No. 97–505-M.P.**

Supreme Court of Rhode Island.

Nov. 3, 1997.

David Curtin, Chief Disciplinary Counsel, for Petitioner.

Thomas M. Grochowski, Woonsocket, for Respondent.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This disciplinary matter comes before us pursuant to Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure. The Disciplinary Board of the Supreme Court (board) has forwarded its recommendation that the respondent, Thomas M. Grochowski, be suspended from the practice of law. The respondent appeared before the court pursuant to an order directing him to show cause why the disciplinary sanction

recommended by the board should not be imposed. After consideration of the findings and recommendations of the board and the arguments presented by the respondent, it is the opinion of this court that cause has not been shown and that professional discipline is warranted.

The material facts supporting the board's recommendation arise from respondent's representation of two clients in unrelated matters. In the first instance respondent was hired by Suzanne Phaneuf (Phaneuf) to represent her in prosecuting an appeal from a determination by the Social Security Administration (SSA) that she had received an overpayment of disability benefits, coupled with a demand for repayment of those funds. The notice Phaneuf received from the SSA advised her that she had sixty days to appeal from this determination.

Phaneuf retained respondent and paid a fee for that representation well before the appeal period had lapsed. However, respondent failed to notify the SSA that he was representing Phaneuf and failed to claim a timely appeal. He did not notify his client that the appeal was not filed.

In the mistaken belief that her appeal was proceeding appropriately, Phaneuf attempted to inquire about the status of her case. When her attempts to communicate with respondent met with no response, her husband also attempted to communicate with respondent. When communication was eventually established with him, he advised the Phaneufs that the necessary paperwork to process the appeal had been lost and that he would resubmit the appropriate documentation and notify them of a hearing date. He did not fulfill this promise.

Phaneuf subsequently filed a complaint against respondent with the disciplinary counsel (counsel) for respondent's dilatory practices in failing to prosecute her appeal. In his response to that complaint, respondent denied neglecting the client's case, claiming he had properly filed the appeal. In support of his claim that the appeal had been appropriately filed, he attached to his response copies of an Appointment of Representative form and a Request for Hearing by Administrative Law Judge. The respondent claimed that these documents, purportedly signed by Phaneuf, had been submitted to the SSA within the proper time frame.

At a subsequent disciplinary hearing the board determined that respondent's version of events was less than credible. It is undisputed that the SSA never received the appropriate forms that respondent claimed he had filed. Moreover, after hearing disputed testimony concerning whether Phaneuf had signed those documents, the board concluded that she had not and that respondent had forged his client's name to those documents in an attempt to mislead the board. The respondent's claim that Phaneuf had signed the documents was rendered even less persuasive by the misspelling of her name.

Relying upon these facts, the board concluded that respondent had failed to act with reasonable diligence and promptness in representing a client, as mandated by Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct. Additionally he had not kept his client informed about the status of her claim, in violation of Rule 1.4. His unsuccessful attempt to cover up his neglect of Phaneuf's case by submitting false documents to the board violates Rules 8.1(a)[1] and 8.4(c)[2] of the Rules of Professional Conduct as well.

 We concur with the board's findings of fact and conclusions regarding the violations of the Rules of Professional Conduct. The respondent failed to prosecute the matter for which he had been employed and failed to provide his client with information about the status of her case. It is well settled in this jurisdiction that when an attorney forges a client's signature to documents, that attorney has violated his professional obligation of honesty under Rule 8.4(c). *In*

---

**1.** Article V, Rule 8.1(a) of the Supreme Court Rules of Professional Conduct provides, in pertinent part that "a lawyer in connection with * * * a disciplinary matter * * * shall not: (a) knowingly make a false statement of material fact."

**2.** Rule 8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

*re Devane,* 656 A.2d 617, 618 (R.I.1995); *Lisi v. Resmini,* 603 A.2d 321, 322 (R.I.1992). His attempt to mislead the board by submitting false evidence is egregious conduct in violation of Rule 8.1(a). *In re Mosca,* 686 A.2d 927, 930 (R.I.1996). Accordingly the imposition of discipline is warranted for respondent's misconduct in the Phaneuf matter.

█ The second disciplinary matter before the court relates to respondent's representation of Emile W. Chamberland (Chamberland). Chamberland retained respondent to probate the last will and testament of his aunt, Irene LaCroix (LaCroix), who died in May of 1991. The respondent was retained shortly after LaCroix's death and received a fee of $1,500 from Chamberland for his anticipated services.

Those services were not forthcoming. The respondent did not undertake any affirmative acts to commence probate of the estate. Indeed, he did not even file the will with the Probate Court, a necessary prerequisite to the beginning of the process of administering the decedent's estate.

Approximately four years later Chamberland attempted to register the title to his deceased aunt's motor vehicle under his own name. He was informed by the Registry of Motor Vehicles that he would be unable to do so until the probate of the estate was concluded. Chamberland sought an explanation from respondent, who advised Chamberland that he did not believe that the estate needed to be probated in order to effectuate a change in the vehicle registration. Undaunted by his failure to act within the prior four years, respondent advised Chamberland that he would proceed with due diligence to bring the estate to closure. He also asked for, and received, $1,200 for these "additional" services.

Unfortunately for Chamberland, payment of these funds failed to prompt any additional action. The respondent did not undertake any further activity in respect to the estate of LaCroix. Chamberland eventually obtained other counsel to probate the estate.

The board found that respondent's conduct as it related to Chamberland violated his obligation of diligence under Rule 1.3 of the Rules of Professional Conduct and constituted a failure to expedite litigation in violation of Rule 3.2 as well.[3] Additionally his failure to provide any substantive services, despite receiving $2,700 in fees, rendered the fee charged unreasonable in violation of Rule 1.5.[4] We agree with these findings.

The respondent testified to several factors that he believed constituted mitigating circumstances. These included a heart attack suffered in 1992, which caused him to be unable to practice for several months, and the fact that he was a solo practitioner. These circumstances do not excuse his conduct. After weighing the depth of respondent's misconduct and the lack of sufficient mitigating circumstances, the board recommended that respondent be suspended from the practice of law for a minimum period of fifteen months. On the basis of our review of the record, we deem the recommendation of the board to be appropriate.

█ The purpose of professional discipline is to protect the public and to maintain the integrity of the profession. *Carter v. Folcarelli,* 121 R.I. 667, 672, 402 A.2d 1175, 1178 (1979). The respondent has previously been disciplined for neglecting the affairs of his clients. *In re Grochowski,* 687 A.2d 77 (R.I. 1996). Because of his persistent pattern of neglect, coupled with his acts of dishonesty in attempting to mislead the board, we believe it is necessary to protect the public from further harm by suspending the respondent from the practice of law for the period recommended by the board.

Accordingly we order the respondent be suspended from the practice of law for a minimum period of fifteen months, said period of suspension to commence thirty days

---

**3.** Rule 3.2 of the Rules of Professional Conduct provides, "A lawyer shall make reasonable effort to expedite litigation consistent with the interests of the client."

**4.** Rule 1.5(a) provides, in part, that "A lawyer's fee shall be reasonable." The rule sets forth various factors, not relevant to this case, which can be considered in determining the reasonableness of the fee.

from the date of this opinion. Should the respondent seek reinstatement, he shall comply with the requirements for reinstatement set forth in Article III, Rule 16, of the Supreme Court Rules of Disciplinary Procedure. In order to protect the interests of his current clients, the respondent shall file with the clerk of this court either a list of all active clients or a statement by an attorney or attorneys who will assume responsibility to protect those clients' interests.

GOLDBERG, J., did not participate.