### In the Matter of Thomas M. GROCHOWSKI.

#### No. 99–280–MP.

Supreme Court of Rhode Island.

Aug. 19, 1999.

David Curtin, Chief Disciplinary Counsel, for petitioner.

Thomas M. Grochowski, respondent pro se.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This disciplinary case is before the Court pursuant to a recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Thomas M. Grochowski, be suspended from the practice of law for two years. Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

"If the Board determines that a proceeding *** should be concluded by a public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

The factual basis for the board's recommendation is contained in two complaints filed with the board by respondent's clients. Those complaints were consolidated for hearing. The respondent did not contest the factual allegations contained in those complaints. Accordingly, we accept those undisputed facts, and herein set forth those facts relevant to this proceeding.

Southchay Keomorokot retained respondent in 1992 to render legal services relating to the incorporation of a new business. In 1996, Keomorokot retained new counsel and on October 3, 1996, Keomorokot's new attorney forwarded a request to respondent for the transfer of all of Keomorokot's personal and corporate files. The respondent did not reply to that request or three other requests forwarded over a period of approximately six weeks.

On December 19, 1996, frustrated with respondent's failure to transfer the files to his new counsel, Keomorokot filed a complaint against the respondent with this Court's Disciplinary Counsel (counsel). Counsel's efforts to obtain a reply to the disciplinary complaint met with the same fate as Keomorokot's request for the return of his files. After several unsuccessful attempts to obtain respondent's answer to the complaint, counsel filed a petition with this Court to compel respondent's answer under penalty of imminent suspension.

On April 24, 1997, respondent appeared before this Court pursuant to counsel's petition and consented to the entry of an order compelling his answer. In his belated answer, he informed counsel that he had retrieved his files from his former law office and would forward them to Keomorokot's new counsel. However, those records were never forthcoming. It was not until respondent appeared at the disciplinary hearing on this matter that he acknowledged that he had no records relating to Keomorokot or the corporation.

The board concluded on these facts that the respondent had violated Article V, Rules 1.3 [1], 1.4(a) [2], and 1.17(d) [3] of the

---

1. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

2. "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Rules of Prof. Conduct 1.4(a)

(renumbered Rule 1.4(b) by a Supreme Court order dated April 7, 1998, and effective May 1, 1998).

3. "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as *** surrendering papers and property to

Supreme Court Rules of Professional Conduct. Additionally, the board determined that respondent's repeated failure to respond to counsel's requests for information violated Rule 8.1(b) [4].

The second complaint before the board arises from respondent's representation of Milford Federal Savings and Loan Association (Milford), a financial institution for which respondent provided services as settlement agent for various real estate loan transactions. Specifically, Milford sought respondent's cooperation in making corrections to four closing files for which he had acted as settlement agent. However, the respondent failed to make the requested corrections or to respond to Milford's requests for information.

On November 7, 1996, Milford filed a complaint with counsel regarding respondent's failure to act or communicate. The respondent continued that pattern of non-responsiveness by failing to respond to counsel's request for information as well. Only when served with a petition filed by counsel with this Court to compel an answer to the complaint of Milford did respondent finally comply with his obligation to respond to counsel. At that time, his response was that he could not make the requested corrections to the Milford closing files as he could not locate them. The board concluded that the respondent had violated his obligations to Milford under Rules 1.3, 1.4(a), and 1.17(d) of the Rules of Professional Conduct, and his obligation to respond to disciplinary counsel under Rule 8.1(b).

The respondent appeared before the Court and presented facts in mitigation on these complaints. Having heard the respondent's representations, we accept the board's findings of facts and concur with the board's conclusions regarding the disciplinary rules. In determining the

appropriate sanction to impose, we must consider not only respondent's conduct in these matters but any past disciplinary record as well. The respondent has previously been suspended for three months for neglecting client matters, *In the Matter of Grochowski*, 687 A.2d 77 (R.I.1996), and for fifteen months for neglect and dishonesty, *In the Matter of Grochowski*, 701 A.2d 1013 (R.I.1997). Based upon respondent's conduct in these matters and his previous history of failure to comply with the Rules of Professional Conduct, we deem the board's recommendation to be appropriate.

Accordingly, the respondent, Thomas M. Grochowski, is hereby suspended from the practice of law for two years commencing upon the date of the filing of this opinion. On completion of that period of suspension, the respondent may apply to this Court for reinstatement in accordance with the provisions of Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure.

Justice FLANDERS did not participate.

---

which the client is entitled ***." Rules of Prof. Conduct 1.17(d).

4. Rule 8.1(b) provides in part: "[A] lawyer *** shall not *** knowingly fail to respond to

a lawful demand for information from an admissions, disciplinary or education authority ***."