### In the Matter of Todd M. AMARAL.

### No. 2009–314–M.P.

Supreme Court of Rhode Island.

Oct. 29, 2009.

David Curtin, Disciplinary Counsel.

Joseph A. Kelly, Esq., Providence.

### O R D E R

This disciplinary case came before the Court at its conference on October 15, 2009 pursuant to a recommendation of the Supreme Court Disciplinary Board (Board) that the respondent, Todd M. Amaral, be disbarred from the practice of law. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

> "If the [Disciplinary] Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

The respondent appeared before the Court, with counsel, pursuant to our order directing him to show cause, if any, why we should not impose the discipline recommended by the board. Having heard the representations of respondent, his attorney and this Court's Disciplinary Counsel, and having reviewed the record, we deem that an order of disbarment is appropriate.

On June 24, 2009 the board conducted hearings on two disciplinary complaints filed by clients of respondent. In the first matter, Makeda Benain retained respondent on a contingent-fee basis to represent her in a civil action against her former employer. On July 31, 2008, the parties to that dispute reached an agreement to settle her claim for $9,500. The agreement provided that payment would be made by two checks. The first check, in the amount of $2,000 was in settlement of her claim for lost wages; the second check, in the amount of $7,500 was attributed to other damages. After payment of respondent's fee and various other deductions, Benain was entitled to receive $5,715.55 as her share of the settlement.

The respondent received the two settlement checks, which were payable to the order of Makeda Benain. He requested

her authorization to sign her name in endorsement of the checks, but she refused to grant him that authority. The respondent signed her name without her consent or permission in endorsement of those checks, and deposited the funds into his client account on August 15, 2008. He then transferred Benain's funds to his operating account, commingling her funds with his own, and subsequently converted all of her funds for his own use.

Ms. Benain made a number of attempts to communicate with respondent to obtain her funds, but received no reply. On November 3, 2008, she filed a complaint with the board regarding respondent's failure to account for her money. On November 13, 2008, after receipt of the complaint, respondent forwarded to Ms. Benain the monies she should have received three months before.

In answering the disciplinary complaint respondent made false representations to Disciplinary Counsel. He claimed that he had retained the funds of Ms. Benain, in cash, in his desk drawer, to avoid having her funds seized by his bank to satisfy a debt he owed to the bank. He later acknowledged that those statements were not truthful.

The second disciplinary matter heard by the board related to a complaint filed by Kim Virgilli. Ms. Virgilli retained respondent to assist her in collecting a debt in the amount of $46,572.09 owed to her business, Target Marketing, Inc. The respondent agreed to be compensated by Ms. Virgilli on a contingent fee basis. In August of 2006, respondent obtained a default judgment against the debtor for the full amount owed.

In July of 2007, the debtor forwarded a $10,000 payment to respondent in partial payment of the judgment. The respondent did not notify his client that he had received those funds, and converted those funds to his own use. The debtor forwarded additional payments to respondent of $15,000 on February 7, 2008; $5,400 on February 28, 2008; $5,740 on May 12, 2008; and $5,000 on July 2, 2008. In each instance respondent failed to notify his client that he had received the funds, and converted those funds to his own use.

In October of 2008, Ms. Virgilli contacted the debtor and was advised for the first time that respondent had received those funds. She made a demand to respondent that he forward the collected funds to her or she would file a disciplinary complaint. On December 10, 2008, two days before the complaint was filed, respondent forwarded $10,000 to Ms. Virgilli; the remainder of her funds was sent to her after her complaint was received and opened for investigation. The respondent provided disciplinary counsel with the same false information he had given in explanation to the complaint of Ms. Benain in answering the complaint of Ms. Virgilli.

The board concluded that the respondent had violated Article V, Rules 1.15(a), 1.15(d), 8.4(b) and 8.4(c) of the Supreme Court Rules of Professional Conduct.[1]

---

1. Article V, Rule 1.15(a) of the Supreme Court Rules of Professional Conduct provides, in pertinent part: "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

Rule 1.15(d) provides:

"Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the

The board also concluded respondent violated Article V, Rule 8.1(b) of the Supreme Court Rules of Professional Conduct, but our review of the record leads us to conclude that a violation of Rule 8.1(a) is the more appropriate finding.[2] With the exception of the board's findings of a violation of Rule 8.1(b), we agree.

In representing his clients respondent had an obligation to maintain his clients' money in accounts separate from his own money. By commingling those funds with his business and personal funds he breached his fiduciary duties under Rule 1.15(a). *In re Brown*, 735 A.2d 774, 776 (R.I.1999). His failure to promptly forward to his clients the funds he had received on their behalf causing them to wait months for funds they were entitled to receive is a clear violation of Rule 1.15(d). *In re Krause*, 676 A.2d 1340, 1342 (R.I.1996). This level of misconduct, standing alone, would warrant the imposition of discipline.

However, respondent's misconduct goes beyond mere breach of fiduciary duty. On six different occasions, spanning a time frame of over one year, the respondent received funds belonging to clients, failed to notify the clients he had received those funds, and converted those funds to his own use. His wrongful conversion of client funds is "tantamount to embezzlement." *In re Coningford*, 815 A.2d 54, 57 (R.I.2003) (quoting *Lisi v. Grimes*, 601 A.2d 497, (R.I.1992)). It is of no import

that he has not yet been charged with a crime in this matter for this Court to determine that wrongful conversion of client funds is a violation of Rules 8.4(b) and 8.4(c). Moreover, by signing the name of Makeda Benain to settlement checks without her authority, and in direct contravention of her refusal to grant such permission, the respondent may have committed the crime of forgery as well.

The presumptive sanction for the intentional misappropriation of client funds is disbarment. *In re Coningford*, 815 A.2d at 57. The board has found no mitigating factors warranting a departure from that presumptive sanction in this case. We agree. We find nothing in the record or the respondent's representations to the board or this Court that explains or excuses his misconduct. Moreover, when faced with these complaints his initial response was to knowingly provide false explanations to disciplinary counsel to conceal his actions, in violation of Rule 8.1(a).

Accordingly, the respondent, Todd M. Amaral, is hereby disbarred from the practice of law in this state, effective immediately. The respondent shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure.

---

client or third person, shall promptly render a full accounting regarding such property:"

Rule 8.4(b) of the Supreme Court Rules of Professional Conduct provides: "It is professional misconduct for a lawyer to: * * * commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

Rule 8.4(c) provides: "It is professional misconduct for a lawyer to: * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

**2.** Article V, Rule 8.1(a) provides, in pertinent part that a lawyer in connection with a disciplinary matter, "shall not: * * * knowingly make a false statement of material fact[.]"

Rule 8.1(b) Makes it professional misconduct for a lawyer in connection with a disciplinary matter, to "fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from * * * disciplinary * * * authority * * *."