**Supreme Court**

In the Matter of James A. Currier.                    No. 2013-51-M.P.

# O R D E R

This disciplinary case came before the Court at its conference on February 14, 2013, pursuant to a recommendation of the Supreme Court Disciplinary Board (board) that the respondent, James A. Currier, Esquire, be disbarred from the practice of law. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides, in pertinent part:

> "If the [Disciplinary] Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

On January 14, 2013, we entered an order directing the respondent to appear before this Court at its conference to show cause why he should not be disciplined in accordance with the board's recommendation. On February 6, 2013, the respondent executed an affidavit consenting to disbarment. In that affidavit the respondent acknowledges that his consent is freely and voluntarily rendered, that he is not subject to any coercion or duress, and that he is fully aware of the implications of consenting to disbarment. This affidavit was submitted to the Court on February 12, 2013, and the respondent did not appear at the conference. We accept the respondent's consent to disbarment, and provide a summary of the board's findings which provide the basis for that consent.

On October 10, 2012 the board conducted hearings on two disciplinary complaints filed by clients of the respondent. The first matter relates to the respondent's representation of Santos

Escobar, who was injured as a result of a motor vehicle accident. Escobar retained a law firm to pursue a claim for damages arising from that accident.

A civil action was filed by that law firm on Escobar's behalf in 2008. The respondent, who at that time was affiliated with that firm, provided legal services to Escobar in furtherance of the litigation. However, the respondent had not filed an entry of appearance in that matter, nor had he received any authorization from Escobar to settle his claim. Indeed, the respondent had never met or even spoken to Escobar.

On October 21, 2011, the respondent appeared before the Superior Court for a scheduled pretrial conference on Escobar's case. Escobar was not present. The respondent agreed to a settlement of Escobar's claim in the amount of $35,000, and signed a dismissal stipulation on Escobar's behalf, concluding the litigation.

The respondent subsequently filed a motion to vacate that dismissal in which he acknowledged that he was not adequately prepared to represent Escobar, that he had no authority to settle the claim, and that Escobar had been prejudiced by that dismissal. The motion to vacate was denied, and Escobar received the settlement funds that had been negotiated by the respondent but to which he had not consented to prior to the settlement.

The board concluded that the respondent's conduct as described above violated Article V, Rules 1.1[1], 1.2(a)[2] and 1.4(a)[3], of the Supreme Court Rules of Professional Conduct.[4] We agree.

---

[1] Article V, Rule 1.1 of the Supreme Court Rules of Professional Conduct, entitled "Competence," provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] Article V, Rule 1.2 of the Supreme Court Rules of Professional Conduct, entitled "Scope of representation and allocation of authority between client and lawyer" provides, in pertinent part:

"(a)  * * * a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. * * * A lawyer shall abide by a client's decision whether to settle a matter."

The respondent was not adequately prepared to provide competent representation of Escobar, he failed to obtain or abide by his client's decision whether to settle his claim, and he failed to maintain any communication with his client. His representation of Escobar fell woefully short of the level of skill, representation and communication that we and the public expect of a member of the bar.

The second disciplinary matter heard by the board related to a complaint filed by Nancy Baptista. Ms. Baptista retained the respondent to pursue a claim for water damage suffered at a residence as a result of a broken water pipe. The respondent negotiated a settlement with her insurance carrier; and on, August 19, 2010, he received a check in the amount of $46,291.11 in resolution of the claim. The check was made payable to the respondent, Baptista, and a third party. The respondent did not notify Baptista that he had settled her claim or received the check. He led her to believe her claim was still pending. On April 1, 2011, after having endorsed the settlement check as attorney for Baptista and the third party, the respondent deposited the settlement check into his client's account. The balance in his account immediately prior to this deposit was negligible.

On April 12, 2011, the respondent sent correspondence to Baptista advising her that the claim had been settled and enclosing a client account check payable to Baptista in the amount of

---

3 Article V, Rule 1.4 of the Supreme Court Rules of Professional Conduct, entitled "Communication" provides, in pertinent part:
   "(a) A lawyer shall:
      "(1) Promptly inform the client of any decision or circumstance with respect to which the client's informed consent * * * is required by these Rules;
      "(2) Reasonably consult with the client about the means by which the client's objective are to be accomplished;
      "(3) Keep the client reasonably informed about the status of the matter * * *."
4 An additional allegation that respondent had engaged in conduct involving "dishonesty, fraud, deceit or misrepresentation; in violation of Article V, Rule 8.4(c) of the Supreme Court Rules of Professional Conduct, was withdrawn at the hearing before the board, and is not before this Court.

$40,000. Baptista did not present that check for payment until July of 2011. The check was dishonored due to insufficient funds in the client account. In the intervening time between the check being issued and presented, the respondent wrote a check to himself for $40,000, depleting the account, and therefore causing Baptista's check to be dishonored.

On October 5, 2011, the respondent sent Baptista a check for $20,000, and advised her he would subsequently remit the remainder of her funds. However, that check was also dishonored due to insufficient funds when it was presented for payment. On February 14, 2012, Baptista filed a complaint with Disciplinary Counsel. Two weeks later, after receiving a copy of that complaint, a certified bank check for $40,000 was delivered to Baptista in payment of her settlement. Those funds were not from the respondent's client account. In responding to the disciplinary complaint the respondent falsely claimed that he had settled Baptista's claim in 2008, and deposited her funds into his account at that time. He further claimed that he had lost track of his account and believed the funds in the client account were his at the time he withdrew Baptista's funds from the account.

The board concluded that the respondent violated Article V, Rules 1.15(a)[5], 1.15(d)[6], 8.4(b)[7], and 8.4(c)[8] of the Rules of Professional Conduct. We agree with the board's

---

[5] Article V, Rule 1.15 (a) of the Supreme Court Rules of Professional Conduct provides, in pertinent part: "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."
[6] Rule 1.15(d) provides:
"Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."
[7] Rule 8.4(b) provides: "It is professional misconduct for a lawyer to: * * * commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]

conclusions.  The respondent failed to promptly deliver to Baptista the funds which she was entitled to receive, commingled her funds with his own, and misappropriated those funds for his own use.  We have previously held that "[t]he presumptive sanction for the intentional misappropriation of client funds is disbarment."  In re Amaral, 981 A.2d 1027, 1029 (R.I. 2009) (mem.) (citing In re Coningford, 815 A.2d 54, 57 (R.I. 2003) (mem.)).

The board's recommendation is fully supported by the facts, and the respondent's consent to disbarment is manifestly appropriate.  Accordingly, the respondent, James A. Currier, is hereby disbarred from the practice of law in this state, effective immediately.

Entered as an Order of this Court this 1st day of  March, 2013.

By Order,

_____/s/_____
Clerk

---

[8]  Rule 8.4(c) provides:  "It is professional misconduct for a lawyer to:  * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"


**TITLE OF CASE:**     In the Matter of James A. Currier.

**CASE NO:**            No. 2013-51-M.P.

**COURT:**              Supreme Court

**DATE ORDER FILED:**   March 1, 2013

**JUSTICES:**           Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**         N/A – Court Order

**JUDGE FROM LOWER COURT**:

                        N/A – Court Order

**ATTORNEYS ON APPEAL:**

          For Petitioner:     David Curtin, Esq.
                              Chief Disciplinary Counsel

          For Respondent:   C. Russell Bengtson, Esq.