**Supreme Court**
No. 2014-116-M.P.

In the Matter of Layne Savage.

**AMENDED O R D E R**

This disciplinary matter is before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure.  On March 13, 2014, the Disciplinary Board of the Supreme Court forwarded its decision that the respondent, Layne Savage, had violated the Supreme Court Rules of Professional Conduct.  The board has recommended that we suspend the respondent from the practice of law for three months as a sanction for that misconduct, with the condition that she maintains counseling and attendance at meetings of Alcoholics Anonymous.  We directed the respondent to appear before this Court at its conference on April 16, 2014, to show cause why she should not be disciplined.  Disciplinary Counsel recommended that we adopt the recommendation of the board.  Through counsel, the respondent requested we impose a less severe sanction.  Having heard the representations of the respondent, her attorney, and Disciplinary Counsel, we determine that cause has not been shown and we accept the board's recommendation.

The board held a hearing on January 28, 2014 on a petition for disciplinary action alleging that the respondent had violated Article V, Rule 8.4(b) and (c)[1], of the Supreme Court Rules of Professional Conduct.  The following are the facts, as determined by the board.

---

[1] Article V, Rule 8.4, of the Supreme Court Rules of Professional Conduct entitled "Misconduct" provides, in pertinent part:
    "It is professional misconduct for a lawyer to:
    " *  *  *
    "(b) commit a criminal act that reflects adversely on the lawyers' honesty, trustworthiness  or fitness as a lawyer in other respects;
    "(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

1

On March 10, 2012, the respondent was arrested in the Town of Barrington and charged with a criminal offense of driving while intoxicated and a civil violation of refusing to submit to a chemical test. The criminal charge was dismissed by the District Court. After a hearing before the Traffic Tribunal, the respondent was found guilty of the civil charge of refusing to submit to a chemical test. The Traffic Tribunal entered an order suspending the respondent's driver's license as a result of that finding. The respondent filed an appeal from the finding of the violation to the Appellate Panel of the Traffic Tribunal, and the order suspending her driver's license was stayed pending the outcome of that appeal.

On January 13, 2013, while that appeal was pending, the respondent was arrested in the City of East Providence and charged with new allegations that she was driving while intoxicated and had also refused to submit to a chemical test. A preliminary hearing was scheduled before the Traffic Tribunal on January 24, 2013, to determine whether the respondent's driver's license would be suspended as a result of the new charges. On January 23, 2013, the day before the scheduled hearing, the respondent, a Rhode Island resident, entered into a residential lease to rent an apartment in the Commonwealth of Massachusetts.

The respondent appeared before the Traffic Tribunal on January 24, 2013, for the scheduled hearing regarding the suspension of her Rhode Island driver's license. After the hearing, and in the presence of the respondent, the presiding magistrate ordered that the respondent's driver's license be suspended "forthwith."

Approximately four hours later, the respondent appeared at the Massachusetts Registry of Motor Vehicles in Fall River, Massachusetts, and filed an application for a Massachusetts driver's license, providing as her residential address the property for which she had entered the lease agreement the day before. The application form filled out by the respondent contained the

following question: "Is your license or RIGHT to operate suspended, revoked, canceled, withdrawn, or disqualified here, or in another state, country, or jurisdiction?" In response to that question the respondent placed a check mark in the box designated "No." Additionally, the application filled out by the respondent contains the following statement immediately above the signature line for an applicant:

> "I have reviewed this completed Application Form, including the Voter Registration Section, and hereby apply for a Learner's Permit/Driver's License or an ID card and swear (affirm), under the penalties of perjury, that the information I have provided is true and complete. False statements are punishable by fine, imprisonment, or both. (M.G.L.C. 90 Section 24)."

The respondent signed her name immediately below this statement on the application, submitted the form to the registry, and received a Massachusetts driver's license. She subsequently surrendered that license to the Sixth District Court when her misrepresentation became known to authorities in both Massachusetts and Rhode Island. On May 23, 2013, she entered a plea of nolo contendere in the District Court to the criminal charge of driving while intoxicated, her driver's license was suspended for seven months, and she was placed on six months of probation.

The respondent did not contest the facts as found by the board. The board concluded that respondent's conduct was in violation of both Rules of Professional Conduct as charged. Rule 8.4(b), provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer. We note that the respondent has not been found guilty in the Commonwealth of Massachusetts of any criminal violation for the statements made on her application for a Massachusetts driver's license, and that there are no criminal charges pending as a result of the filing of that application. Additionally, while she has not contested the factual allegations, she has not admitted to criminal

3

conduct in completing and submitting that application. However, this court has previously held that a criminal conviction is not a necessary prerequisite to a finding of a violation of Rule 8.4(b). In re Amaral, 981 A.2d 1027, 1029 (R.I. 2009); In re McEnaney, 718 A.2d 920, 921 (R.I. 1998). Accordingly, we concur with the board's conclusion that respondent violated Rule 8.4(b) in making false statements on her application for a Massachusetts driver's license.

It is abundantly clear that her statements in support of her application for a Massachusetts driver's license were dishonest, and intended to deceive the Massachusetts Registry of Motor Vehicles. We have previously found similar conduct to be in violation of Rule 8.4(c). See In re Growchowski, 701 A.2d 1013, 1014 (R.I. 1997) (submitting false documents to the disciplinary board); In re DiPippo, 678 A.2d 454, 456 (R.I. 1996) (submitting false information on a loan application). We readily concur with the board's finding that the respondent violated Rule 8.4(c) as well.

The respondent submitted mitigation evidence to the board that is an important factor in fashioning an appropriate sanction. The respondent has become acutely aware that she suffers an addiction to alcohol and has taken appropriate steps to address that addiction. She entered an inpatient residential treatment program for alcohol abuse and remained in that program for forty seven days. She maintains active involvement with Alcoholics Anonymous, attending several meetings per week. She represented to the board and to this Court that she has not consumed alcoholic beverages since she entered residential treatment. She is a relatively young attorney, having been admitted to the bar in 2009, and she has no prior disciplinary history.

In fashioning its recommended sanction of a three-month suspension, the board appropriately weighed the severity of her misconduct and her ongoing efforts at recovery. We give deference to the recommendations of the board, and in this matter we believe that a three-

4

month suspension from the practice of law is appropriate. We also believe that the respondent's efforts at recovery from her addiction to alcohol should be monitored as a condition of her reinstatement to the practice of law.

Accordingly, it is hereby ordered, adjudged and decreed that the respondent Layne Savage is suspended from the practice of law for three months, commencing thirty days from the date of this order. During this thirty-day period, she shall conclude those pending client matters that can be resolved and arrange for the orderly transfer of her remaining client matters to new counsel of the client's choice. She shall not take on any new matters.

Within ten days of the commencement of her suspension, the respondent shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure. Upon the conclusion of her term of suspension the respondent shall be reinstated to the practice of law. However, as a condition of her reinstatement she will continue to obtain counseling and continue to actively participate in Alcoholics Anonymous. The respondent shall give written authorization to her treating counselor and her sponsor in Alcoholics Anonymous to provide monthly reports to Disciplinary Counsel regarding her treatment and participation in her recovery program. Disciplinary Counsel shall monitor her compliance with her treatment and recovery program for a period of two years from the date of her reinstatement.

Entered as an Order of this Court this 1st day of May, 2014.

By Order,

_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        In the Matter of Layne Savage.

**CASE NO:**        No. 2014-116-M.P.

**COURT:**        Supreme Court

**DATE ORDER FILED:**        May 1, 2014

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        N/A – Court Order

**JUDGE FROM LOWER COURT**:

                N/A

**ATTORNEYS ON APPEAL:**

                For Petitioner:  David D. Curtin, Esq.
                          Disciplinary Counsel

                For Respondent:   Gary G. Pelletier, Esq.