**Supreme Court**
No. 2025-259-M.P.

In the Matter of Kevin M. Brill.           :

# O R D E R

This matter is before the Court pursuant to a petition for discipline for conviction of a crime and for reciprocal discipline. The respondent, Kevin M. Brill, was admitted to practice law in this jurisdiction on November 2, 1983, and was removed from the Master Roll on October 9, 2018, for his failure to file his annual registration statement. The respondent also was admitted to practice law in the Commonwealth of Massachusetts (the Commonwealth).

On October 1, 2019, the Supreme Judicial Court for the Commonwealth (S.J.C.) accepted respondent's affidavit of resignation and issued a judgment of disbarment disbarring him from the practice of law, effective October 1, 2019. Pursuant to Article III, Rule 14(a) of our Court's Rules of Disciplinary Procedure, Disciplinary Counsel submitted a certified copy of respondent's affidavit of resignation and judgment of disbarment. In his affidavit, respondent admitted that sufficient evidence existed to prove that, while serving as trustee of a trust, respondent engaged in misconduct. Specifically, beginning in 2012 and concluding

in 2018, respondent admitted that he misappropriated approximately $415,000 from a trust in violation of the Massachusetts Rules of Professional Conduct.[1]

The United States Attorney for the District of Massachusetts charged respondent with six felony counts of wire fraud in violation of 18 U.S.C. § 1343 and three felony counts of filing a false tax return in violation of 26 U.S.C. § 7206(1). After pleading guilty to all the charges, on May 7, 2021, the United States District Court for the District of Massachusetts sentenced respondent on the charges to two years of imprisonment, followed by three years of supervised release. The respondent also was ordered to pay a special assessment of $1,000, a fine of $15,000, and restitution in the amount of $381,662.81.

Pursuant to Article III, Rule 14(a) of this Court's Rules of Disciplinary Procedure, "Upon being disciplined in another jurisdiction, a lawyer admitted to practice in this State shall promptly inform Disciplinary Counsel of the discipline." The respondent did not promptly report his disbarment to Disciplinary Counsel. Likewise, respondent did not notify Disciplinary Counsel of his federal criminal conviction.

On June 16, 2025, respondent's counsel contacted Disciplinary Counsel to ask if respondent could reinstate from his removal from the Master Roll in this state and

---

[1] Pursuant to the affidavit of resignation and S.J.C. Rule 4:01, § 18(2), respondent is ineligible to apply for reinstatement in the Commonwealth for eight years after the effective date of his resignation and disbarment.

- 2 -

also disclosed respondent's disbarment and federal conviction for the first time.

On August 20, 2025, in accordance with the provisions of Article III, Rules 12(a) and 14(a) of the Supreme Court Rules of Disciplinary Procedure, Disciplinary Counsel filed with this Court a petition for discipline for conviction of a crime and for reciprocal discipline, with certified copies of the judgment of conviction in the United States District Court for the District of Massachusetts and respondent's affidavit of resignation and judgment of disbarment issued by the S.J.C.[2]

On September 15, 2025, this Court entered an order directing respondent to show cause why the imposition of identical discipline in this state would be unwarranted. The respondent did not respond to our order and advised through counsel that he would not appear for the show cause hearing.

This matter was presented before this Court at our conference on November 13, 2025, and respondent did not appear. After review of the record of the Commonwealth's disbarment and respondent's federal felony convictions, we determine that an order of disbarment is appropriate.

The respondent's conviction and misappropriation demand the imposition of the harshest sanction available. The respondent has engaged in acts that violate the core values of the legal profession. Article V, Rule 8.4(b) of the Supreme Court

---

[2] When Disciplinary Counsel filed her petition, respondent remained under his period of supervised release for his sentence.

Rules of Professional Conduct provides that it is misconduct for an attorney to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

"The purposes of professional discipline are to protect the public and to maintain the integrity of the profession." *In re McBurney*, 13 A.3d 654, 655 (R.I. 2011) (mem.) (quoting *In re Almonte*, 678 A.2d 457, 458 (R.I. 1996)). This Court has previously held that the presumptive sanction for the intentional misappropriation of funds is disbarment. *See In re Amaral*, 981 A.2d 1027, 1029 (R.I. 2009) (mem.) (disbarring attorney for converting thousands of dollars from two clients despite making full restitution prior to disciplinary hearing); *In re Coningford*, 815 A.2d 54, 55-57 (R.I. 2003) (disbarring attorney for commingling and converting $6,300 of client funds).

Further, this Court notes that respondent did not promptly self-report his disbarment to Disciplinary Counsel pursuant to his obligation under Article III, Rule 14(a). Failure to fulfill our Court's mandate to promptly report out-of-state discipline to Disciplinary Counsel is additional evidence of respondent's failure to appreciate his ethical duties.

Accordingly, the respondent, Kevin M. Brill, is hereby disbarred from the practice of law in this state, effective immediately. The respondent may not petition this Court for reinstatement for at least five years from the date of this order and not

prior to being reinstated in the Commonwealth.  The respondent must also provide proof of full restitution to both his victims and to the client reimbursement fund for any payments made to his victims to alleviate their deprivation of funds.

Entered as an Order of this Court this *1st* day of *May 2026*.

By Order,

/s/ *Meredith A. Benoit*
Clerk

Justice Goldberg participated in the decision but retired prior to its publication.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

### ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Kevin M. Brill. | |
| **Case Number** | No. 2025-259-M.P. | |
| **Date Order Filed** | May 1, 2026 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kerry Reilley Travers, Esq.<br>Chief Disciplinary Counsel | |
| | For Respondent:<br><br>Marc DeSisto, Esq. | |